IRION, J.
*279 Plaintiff Jorge Fierro filed the underlying action against defendant Landry's Restaurants, Inc.,[1] seeking remedies for what Fierro alleges to be Landry's Restaurants's violations of specified California labor laws and wage orders. Fierro asserts claims on behalf of himself and on behalf of a class of *280 individuals that he alleges is similarly situated. Landry's Restaurants demurred to the complaint on the basis that each of the causes of action is barred by the applicable statute of limitations.
As to Fierro's individual claims, the trial court overruled the demurrer, concluding that the statute of limitations defense did not appear affirmatively on the face of the complaint. As to the class claims, the trial court sustained the demurrer without leave to amend on the basis that a prior class action with identical class claims against Landry's Restaurants had been dismissed for failure to bring the case to trial in five years as required by Code of Civil Procedure[2] sections 583.310 and 583.360.[3] Under the "death knell" doctrine, Fierro appeals from that portion of the order sustaining without leave to amend the demurrer to the class claims.[4]
*4 Previously, we filed an opinion reversing the order on the basis that the applicable statutes of limitations on the class claims had been tolled. However, the California Supreme Court granted review and transferred the matter to this court with directions to vacate the opinion and to reconsider the cause in light of the United States Supreme Court's opinion in China Agritech, Inc. v. Resh (2018) --- U.S. ----, 138 S.Ct. 1800, 201 L.Ed.2d 123 ( China Agritech )-an opinion issued following the filing of our opinion but before issuance of the remittitur. After vacating our decision, we requested and received supplemental briefing from the parties as to the potential application of China Agritech to the issues presented in this appeal.
China Agritech , supra , --- U.S. ----, 138 S.Ct. 1800 holds that, upon denial of class certification, a putative class member may not commence a *281 new class action asserting the same claim, if the statute of limitations on the claim has run. ( Id. at p. ----, 138 S.Ct. at p. 1804.) The Court reasoned that the " 'efficiency and economy of litigation' " which support tolling the statutes of limitations for individual claims during the pendency of the initial class action do not support tolling the statutes of limitations for the class claims . ( Id. at p. ----, 138 S.Ct. at p. 1806.)
As we explain, the superior court's stated basis for sustaining the demurrer and dismissing the class claims is erroneous. As we further explain, in determining whether the statutes of limitations bar Fierro's class claims, we will conclude that there is no basis on which to apply equitable (or any other form of) tolling. Although that determination will result in at least some of the class's claims being time-barred, on the present record, we cannot say that all of the class's claims are untimely. Thus, we will reverse the order sustaining Fierro's demurrer without leave to amend and remand for further proceedings in which the trial court can decide, on a more developed record, issues related to class certification and/or timeliness of class claims.
I.
FACTUAL AND PROCEDURAL BACKGROUND[5]
In this appeal following the sustaining of a demurrer, we assume the truth *5 of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. ( Schifando v. City of Los Angeles (2003) 31 Cal.4th 1074, 1081, 6 Cal.Rptr.3d 457, 79 P.3d 569 ( Schifando ).)
In the present case, without identifying any specific document, the trial court took judicial notice "of the documents pertaining to the matter known *282 as Martinez v. Joe's Crab Shack , L.A. Superior Court Case No. BC377269 [2016 WL 4958175] [ ( Martinez ) ]." The appellant's appendix contains a request for judicial notice filed by Fierro in support of his opposition to Landry's Restaurants's demurrer. Fierro requested that the trial court judicially notice certain documents, each of which pertains to the Martinez action. Based on Landry's Restaurants's trial court briefing and the register of actions provided in appellant's appendix, however, we learned that Landry's Restaurants also filed a request for judicial notice in support of its demurrer-a document not in the record. Accordingly, we ordered the superior court file and, on our own motion, augmented the record to include Landry's Restaurants' November 16, 2016 request that the trial court judicially notice certain documents related to the Martinez action. ( Cal. Rules of Court, rule 8.155(c), (a).)
We take judicial notice of the same Martinez documents that were judicially noticed by the trial court.[6] ( Evid. Code, § 459, subd. (a).)
A. The Martinez Action[7]
In September 2007, Roberto Martinez filed the Martinez action, seeking to represent a class of salaried managerial employees who worked at Joe's Crab Shack restaurants in California. In three causes of action, Martinez alleged claims for: overtime pay on the basis that class members had been misclassified as exempt employees; and violations of law or regulations related to meal and rest periods and to wage statements. Martinez identified the original defendant as Joe's Crab Shack, Inc., and in a March 2008 amendment substituted "Landry's Restaurants, Inc.," for Doe 2.
In an October 2008 first amended complaint, Martinez, individually and on behalf of a class of unnamed members, asserted six employment-related causes of action against Joe's Crab Shack, Inc.
In March 2010, the Martinez trial court denied without prejudice Martinez's motion for class certification on the ground that Martinez was not an adequate class representative. Martinez did not appeal that order.
*283 On the same day, the court allowed Martinez to file a second amended complaint that named Martinez, Lisa Saldana, and Steven Kauffman as the plaintiffs and putative *6 class representatives and named Joe's Crab Shack, Inc., as the defendant.
In a November 2010 third amended complaint, the court allowed Martinez, Saldana, and Kauffman to add Craig Eriksen and Chanel Rankin-Stephens as named plaintiffs and putative class representatives against defendant Joe's Crab Shack, Inc. By the time of the plaintiffs' motion to certify the class in June 2011, Kauffman was no longer a plaintiff, and the defendants included Crab Addison, Inc., Ignite Restaurant Group, Inc., and Landry's Restaurants, Inc.[8]
Martinez, Saldana, Eriksen, and Rankin-Stephens moved to certify a plaintiff class consisting of " '[a]ll persons employed by Defendants in California as a salaried restaurant employee in a Joe's Crab Shack restaurant at any time since September 7, 2003.' " In May 2012, the Martinez court denied the motion, ruling that the plaintiffs had failed to establish: that their claims were typical of the class; that they could adequately represent the class; that common questions predominated the claims; and that a class action was the superior means of resolving the litigation.
The Martinez plaintiffs appealed, and in November 2014 the Court of Appeal reversed the order denying class certification. ( Martinez v. Joe's Crab Shack Holdings (2014) 231 Cal.App.4th 362, 179 Cal.Rptr.3d 867.) The appellate court directed that, on remand, the trial court reconsider, consistent with specified authority that classwide relief is the preferred method of resolving wage and hour claims, whether class certification in Martinez would provide a superior method of resolving the plaintiffs' claims. ( Id. at p. 384, 179 Cal.Rptr.3d 867.)
By judgment filed in August 2016, the Martinez court dismissed with prejudice all the claims in the Martinez action and awarded costs to the three named defendants.[9] The Martinez plaintiffs (Martinez, Saldana, Eriksen, and *284 Rankin-Stephens) appealed from the judgment of dismissal in October 2016. In August 2018, the Court of Appeal affirmed the dismissal on the basis that the plaintiffs did not bring the case to trial within the statutorily prescribed time period under section 583.310 et seq. ( Martinez v. Landry's Restaurants, Inc. (2018) 26 Cal.App.5th 783, 237 Cal.Rptr.3d 379.)
B. Fierro's Present Action
Within days of the dismissal of Martinez , Fierro filed the present action on August 29, 2016. Fierro asserts individual and class claims based on the underlying allegation that Landry's Restaurants "improperly and illegally mis[ ]classified" Fierro and the members of the class "as 'exempt' managerial/executive employees when, in fact, they were 'non-exempt' non-managerial employees according to California law." According to Fierro, under *7 claims alleged in five causes of action, this misclassification entitles him and the class he seeks to represent to recover unpaid wages and penalties. Fierro defines the alleged class as: "All California based salaried restaurant employees ... who worked at any time from September 7, 2003 until the date of class certification at any of the restaurants in the State of California owned, operated and/or acquired by defendants."
Fierro alleges that he worked for Landry's Restaurants as a salaried restaurant employee within four years prior to the filing of the Martinez action.[10] As particularly relevant to the issues presented to the trial court and briefed by the parties on appeal, Fierro affirmatively alleges in the complaint:
"The filing of [the Martinez action] on September 7, 2007[,] has tolled the statute of limitations as to [Fierro] and the class he seeks to represent . The class period covered by this Complaint based on the tolling of the statute by [ Martinez ] is September 7, 2003[,] to the present." (Italics added.)
Landry's Restaurants describes the present action as Fierro's attempt "to revive the same class claims from Martinez covering the exact same class period."
Disagreeing with Fierro's allegation regarding the tolling of the applicable statutes of limitations, Landry's Restaurants demurred to each cause of action in Fierro's complaint on the basis that each "is barred by the statute of limitations."[11] On the same statute of limitations grounds, Landry's Restaurants alternatively moved to strike the two quoted sentences in the immediately preceding paragraph and the clause "from September 7, 2003" in the definition of the class quoted two paragraphs above.
*285 In support of its demurrer and motion to strike, Landry's Restaurants presented two arguments as to the class claims, both of which it repeats on appeal.
First, Landry's Restaurants acknowledges that the filing of a class action tolls the running of the applicable statutes of limitations as to the individual claims of all putative class members until class certification is denied-after which time all unnamed class members may either seek to intervene in the surviving individual case or file a new action. Our state Supreme Court has summarized this tolling principle as follows: "[U]nder limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class who either make timely motions to intervene in the surviving individual action ( [ American Pipe & Construction Co. v. Utah (1974) 414 U.S. 538,] 552-553 [94 S.Ct. 756, 38 L.Ed.2d 713] [ ( American Pipe ) ] ), or who timely file their individual actions ( Crown, Cork & Seal Co. v. Parker (1983) 462 U.S. 345, 350 [103 S.Ct. 2392, 76 L.Ed.2d 628] [ ( Crown, Cork ) ] )." ( Jolly v. Eli Lilly & Co. (1988) 44 Cal.3d 1103, 1119, 245 Cal.Rptr. 658, 751 P.2d 923 ( Jolly ).) In California, this equitable doctrine is often referred *8 to as " American Pipe tolling." (See, e.g., Falk v. Children's Hospital Los Angeles (2015) 237 Cal.App.4th 1454, 188 Cal.Rptr.3d 686 ( Falk ); Batze v. Safeway, Inc. (2017) 10 Cal.App.5th 440, 482-483, 216 Cal.Rptr.3d 390 ; Perkin v. San Diego Gas & Electric Co. (2014) 225 Cal.App.4th 492, 501-505, 170 Cal.Rptr.3d 335 ; Becker v. McMillin Construction Co. (1991) 226 Cal.App.3d 1493, 1499-1500, 277 Cal.Rptr. 491.) Landry's Restaurants's position is that, upon a proper application of American Pipe tolling, only the statutes of limitations on Fierro's individual claims can be tolled; in particular, the statutes of limitations on Fierro's class claims have run, and the class claims are time-barred.
Second, according to Landry's Restaurants, regardless of the application of American Pipe tolling, the class claims fail for another reason. Landry's Restaurants argues that, because the Martinez action-including the class claims-was dismissed for failure to bring the action to trial within five years under section 538.310 et seq., the class claims cannot be resurrected in a new action. Landry's Restaurants contends that American Pipe tolling is an equitable doctrine that does not affect the express statutory language which makes a dismissal under section 538.360 "mandatory and ... not subject to extension, excuse, or exception except as expressly provided by statute," upon the requisite showing. (§ 538.360, subd. (b).)
*286 Following an opposition by Fierro, a reply by Landry's Restaurants, and oral argument, the superior court overruled the demurrer as to Fierro's individual claims and sustained the demurrer without leave to amend as to Fierro's class claims. After applying American Pipe tolling, the court determined that Landry's Restaurants did not establish as a matter of law that the pertinent statutes of limitations barred any of Fierro's claims.[12] On this basis, the court overruled Landry's Restaurants's demurrer as to Fierro's individual claims. With regard to Fierro's class claims, however, the court ruled that, regardless whether American Pipe tolling might apply to preclude the running of the statutes of limitations, the Martinez court's section 583.360 dismissal for failure to prosecute was a "determination that [the] class action is now barred" and "there is no authority to revive the dismissed class claims in [this] subsequent lawsuit."[13]
Fierro timely appealed from the order overruling the demurrer as to Fierro's individual claims and sustaining the demurrer without leave to amend as to Fierro's class claims. Under the death knell doctrine, we have jurisdiction to review that portion of the order sustaining the demurrer as to the class claims. (See fn. 4, ante .)
II.
DISCUSSION
The sole issue on appeal is whether the trial court erred in sustaining without leave to amend the class claims in Fierro's complaint.
After assuming the truth of the allegations in the complaint, facts that can be inferred from those pleaded, and judicially noticed matters ( Schifando , supra , 31 Cal.4th at p. 1081, 6 Cal.Rptr.3d 457, 79 P.3d 569 ), "we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory" ( *9 T.H. v. Novartis Pharmaceuticals Corp. (2017) 4 Cal.5th 145, 162, 226 Cal.Rptr.3d 336, 407 P.3d 18 ). On appeal, we review the trial court's ruling, not the reasons stated for the ruling. ( Rappleyea v. Campbell (1994) 8 Cal.4th 975, 980-981, 35 Cal.Rptr.2d 669, 884 P.2d 126 ( Rappleyea ) [even where trial court's legal reasoning is erroneous, the ruling will be affirmed if it can be supported by any legal theory]; Davey v. Southern Pacific Co. (1897) 116 Cal. 325, 329-330, 48 P. 117 [same].) The rationale for this consideration is that there can be no prejudice from an error in logic *287 or reasoning if the decision itself is correct. ( Mike Davidov Co. v. Issod (2000) 78 Cal.App.4th 597, 610, 92 Cal.Rptr.2d 897.)
As we explain, the trial court erred in applying the section 583.360 dismissal of the Martinez action as a bar to Fierro's class claims. However, as we further explain, nothing in the Martinez action (or otherwise) tolled the statutes of limitations on Fierro's class claims. Thus, the only class claims that will be timely are those that accrued within the applicable limitation periods preceding the August 2016 filing of Fierro's complaint . Since the limited facts we may consider on appeal do not disclose whether some or all of the claims in any one cause of action may be time-barred, the trial court erred in sustaining without leave to amend the demurrer as to each cause of action; and we will reverse the trial court's order on this basis.
A. The Dismissal of the Martinez Action Is Not a Basis on Which to Have Dismissed the Class Claims in the Present Action
The trial court ruled that, because the Martinez court dismissed the same class claims as Fierro alleges in the present action pursuant to section 583.360 (for failure to have brought the action to trial within five years, in violation of § 583.310 et seq. ), the class claims in the present action are barred. As proffered by Landry's Restaurants and accepted by the trial court, the reasoning behind such a ruling is that the equitable principles associated with the application of American Pipe tolling cannot revive claims that were dismissed under a statute that does not allow for exceptions unless "expressly provided by statute ." ( § 583.360, subd. (b), italics added ["The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."].)
Neither the facts nor the law supports the trial court's ruling.
Factually, the record does not suggest-let alone establish by properly pleaded factual allegations or matters of which judicial notice has been taken-that the Martinez action was dismissed under section 583.360. In the trial court and on appeal, both Landry's Restaurants and Fierro state that the failure to prosecute was the basis of the dismissal in Martinez . However, in support of this statement on appeal, both Landry's Restaurants and Fierro cite exclusively to the judgment in the Martinez action which provides only that the claims were "dismissed with prejudice"; there is no mention of the basis of the dismissal.[14] Thus, because the record does not contain substantial *288 evidence to support a finding that the Martinez action was dismissed under section 583.360 for *10 failure to prosecute, the trial court erred in sustaining the demurrer on this basis.
That said, Fierro, Landry's Restaurants, and the trial court all have proceeded, both in the trial court and now on appeal, with the understanding that the Martinez action was dismissed under section 583.360 for failure to have brought the action to trial within the statutorily required period. In addition, in August 2018-which was after a year and a half after the trial court sustained Landry's Restaurants's demurrer and months after our original (now vacated) opinion in this appeal-the Court of Appeal affirmed the dismissal of the judgment in the Martinez action under section 583.310 et seq. ( Martinez v. Landry's Restaurants, Inc. , supra , 26 Cal.App.5th 783, 237 Cal.Rptr.3d 379.) Thus, we will proceed with the understanding that the Martinez action was dismissed for failure to prosecute. Nonetheless, the trial court still erred as a matter of law in sustaining Landry's Restaurants's demurrer on this basis.
A "judgment dismissing the prior action for want of prosecution is not one upon the merits [citations] and it does not bar a subsequent action upon the same cause." ( Lord v. Garland (1946) 27 Cal.2d 840, 850, 168 P.2d 5 ( Lord ).) That is because "under California law, a dismissal for failure to prosecute is not a final judgment on the merits." ( Hardy v. America's Best Home Loans (2014) 232 Cal.App.4th 795, 803, 181 Cal.Rptr.3d 685 ( Hardy ).[15] ) More to the point, a judgment of dismissal based on the failure to prosecute is not a final judgment for purposes of res judicata or collateral estoppel . ( Hardy , at p. 803, 181 Cal.Rptr.3d 685 ; accord, fn. 15, ante .) Here, because we are proceeding under the assumption that the dismissal of the Martinez action was based on a failure to prosecute, the judgment in the Martinez action is not a bar to Fierro's class claims.
*289 Accordingly, the trial court erred in ruling that, based on the judgment of dismissal in the Martinez action, section 583.310 et seq. bar the class claims in the present action.[16]
*11 B. American Pipe Tolling Does Not Apply to Class Claims
Because we review the ruling of the trial court, not the reasons therefor ( Rappleyea , supra , 8 Cal.4th at pp. 980-981, 35 Cal.Rptr.2d 669, 884 P.2d 126 ), we next consider Landry's Restaurants's argument on appeal that, upon proper application of American Pipe tolling, the pertinent statutes of limitations bar Fierro's class claims.
In the complaint, Fierro alleges that the filing of the Martinez action on September 7, 2007, "has tolled the statute of limitations as to [Fierro] and the class he seeks to represent. The class period covered by this Complaint based on the tolling of the statute by [the Martinez action] is September 7, 2003[,] to the present." Without tolling, according to Landry's Restaurants, the applicable statute of limitations bars each of the class claims Fierro alleges in his complaint.
Before we determine whether application of the American Pipe tolling doctrine saves the class claims, we summarize the relevant events and the specific dates on which they occurred, as follows:
• September 7, 2007-Martinez files the Martinez action;
• March 12, 2010-the Martinez trial court denies without prejudice Martinez's motion to certify the putative class on the basis that he is not an adequate class representative;
• March 12, 2010-Martinez files a second amended complaint adding two new putative class representatives, Saldana and Kauffman;[17]
*290 • November 23, 2010-Martinez, Saldana, and Kauffman file a third amended complaint adding two named putative class representatives, Eriksen and Rankel-Stephens;[18]
• May 23, 2012-the Martinez court denies the plaintiffs' motion to certify the class;
• July 13, 2012-the named plaintiffs in Martinez appeal from the order denying their motion to certify the class;
• November 10, 2014-the Court of Appeal reverses the order denying class certification and directs the Martinez court to reconsider whether to certify the class under a different standard;
• August 24, 2016-the Martinez court enters a judgment dismissing the action with prejudice;
• August 29, 2016-Fierro files the present action; and
• August 1, 2018-the Court of Appeal affirms the dismissal of judgment in the Martinez action.
We have assumed that the applicable statutes of limitations for the claims in Fierro's complaint are between one and four years. (See fn. 11, ante .)
Landry's Restaurants's argument on appeal is straightforward: At no time have the statutes of limitations on Fierro's class claims been tolled, and Fierro filed the present action on August 29, 2016.
Landry's Restaurants acknowledges that, "under limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of *12 the class who either make timely motions to intervene in the surviving individual action [citing American Pipe , supra , 414 U.S. at pp. 552-553 [94 S.Ct. 756] ], or who timely file their individual actions [citing Crown, Cork , supra , 462 U.S. at p. 350 [103 S.Ct. 2392] ]." ( Jolly , supra , 44 Cal.3d at p. 1119, 245 Cal.Rptr. 658, 751 P.2d 923, italics added.) Thus, under California law, the tolling described in Jolly (based on American Pipe and Crown, Cork ) applies only to individual claims . ( Ibid . ) *291 As we explain, we agree with Landry's Restaurants that American Pipe tolling does not apply to any later class claims that may be asserted by the purported class member who files a new action; if the purported class member files a new class action after the expiration of the applicable statute of limitations on the class's claim, then the claim is barred. In reaching this conclusion, we disagree with the contrary conclusion reached in Falk , which applied American Pipe tolling to class claims in successive actions. ( Falk , supra , 237 Cal.App.4th at p. 1470, 188 Cal.Rptr.3d 686.)
We approach our analysis with certain directives from our state Supreme Court. Initially, in the absence of controlling state authority, we look to the federal courts' application of class action law "to ensure fairness in the resolution of class action suits." ( Jolly , supra , 44 Cal.3d at p. 1118, 245 Cal.Rptr. 658, 751 P.2d 923.) However, where the federal courts' application of class action law is based on federal procedures that are entirely different from or inconsistent with California procedures that ensure fairness, we are under no obligation to apply the federal authorities. ( Id. at p. 1119, 245 Cal.Rptr. 658, 751 P.2d 923.)
At the time Falk was decided, the federal Courts of Appeals were divided over whether American Pipe tolling saved otherwise untimely successive class claims. ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at pp. 1805-1806 [cases collected].) As relevant to the present appeal, the Third Circuit and Ninth Circuits had applied American Pipe tolling to save such claims in certain circumstances. ( Yang v. Odom (3d Cir. 2004) 392 F.3d 97, 112 ( Yang ), abrogated in part by China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804 ; Catholic Social Services, Inc. v. I.N.S. (9th Cir. 2000) 232 F.3d 1139, 1149 (en banc) ( Catholic Social Services ), abrogated in part by China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.) The relevance, as we discuss post , is that the Court of Appeal in Falk , supra , 237 Cal.App.4th at p. 1470, 188 Cal.Rptr.3d 686, expressly relied on Yang and Catholic Social Services to "allow[ ] 'piggybacking' of class actions" to save otherwise time-barred successive class claims in situations like the present appeal. (Cf. Yang , at p. 112 ; Catholic Social Services , at p. 1149.) Thus, at the time we issued our original opinion in this appeal, there was state case authority ( Falk ), based on longstanding federal case authority ( Yang and Catholic Social Services , cited in Falk[19] ), that allowed the application of American Pipe tolling to save Fierro's time-barred class claims. Now, we are able to approach the issue with the benefit of a unified ruling as to the federal courts' application of class action law with regard to the application of American Pipe tolling to successive class *292 actions-a ruling that calls into question Falk , the applicable state authority on which we previously relied. *13 Under federal law, during the pendency of a putative class action, American Pipe tolls the applicable statutes of limitations only for unnamed class members' individual claims. ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.) According to our federal Supreme Court, "if the class fails"-without any distinction on the basis or cause of the failure-class claims asserted in a later (or "follow-on") federal class action are timely only if the later class action is filed within the applicable limitation period. ( Ibid . ) Guided and informed by China Agritech , the issue is whether the result should be the same under California law, where certain class procedures are different.[20] Accordingly, we consider China Agritech , supra , --- U.S. ----, 138 S.Ct. 1800.
In February 2011, at the start of the limitation period, plaintiff Dean filed a securities class action against China Agritech and others. ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.) After the federal district court denied class certification on the basis that the named plaintiffs in the amended complaint could not prove reliance on a classwide basis, the named plaintiffs settled their individual claims, and the court dismissed Dean's action in September 2012. ( Id. at p. ----, 138 S.Ct. at p. 1805.) In October 2012, prior to the expiration of the applicable statute of limitations, another plaintiff, Smyth, filed a second securities class action against the same defendants, alleging similar securities claims. ( Id. at p. ----, 138 S.Ct. at p. 1805.) Again, the district court denied class certification, this time on the basis that the named plaintiffs in the amended complaint lacked the required typicality and adequacy; and again, the named plaintiffs settled their individual claims and dismissed their complaint. ( Id. at p. ----, 138 S.Ct. at p. 1805.)
After the expiration of the applicable statute of limitations, in June 2014 plaintiff Resh filed a third securities class action against China Agritech and *293 others. ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1805.) The district court dismissed the action as untimely, ruling that the first two actions (by Dean and Smyth) did not toll the time to initiate class claims. ( Ibid. ) On appeal, the federal Court of Appeals reversed, concluding that American Pipe tolling applied to successive class actions. ( Ibid . ) The Supreme Court granted certiorari. ( Ibid . )
In its opinion, the Court ruled that " American Pipe does not permit the maintenance of a follow-on class action past expiration of the statute of limitations."
*14 ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.) In reaching this result, the Court first ruled that, under American Pipe , only the applicable statutes of limitations for the unnamed class members to assert their individual claims are tolled in the event of a denial of class certification. ( Id. at p. ----, 138 S.Ct. at p. 1804.) In holding that " American Pipe does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action," the Court explained that, under federal law: "The 'efficiency and economy of litigation' that support tolling of individual claims, American Pipe , 414 U.S. at 553 [94 S.Ct. 756], do not support maintenance of untimely successive class actions; any additional class filings should be made early on, soon after the commencement of the first action seeking class certification." ( Id . at p. ----, 138 S.Ct. at p. 1806.)
We are persuaded that the efficiency favoring early assertion of competing class representative claims in the federal system ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1807 ) is equally applicable to class claims being litigated in California state courts. Because this federal authority is not considerably different from or inconsistent with California procedures, its application will not result in unfairness under California law and will contribute to a more efficient and economical class action procedure.
California trial court judges-who are charged with "acting in a fiduciary capacity as guardian of the rights of absentee class members" ( Luckey v. Superior Court (2014) 228 Cal.App.4th 81, 103, 174 Cal.Rptr.3d 906 )-are empowered with significant and wide-ranging options for managing class actions.[21] Thus, *294 if class treatment is appropriate, all potential class representatives will be able to come forward prior to the expiration of the applicable statute(s) of limitations, and the superior court can select the best class representative(s) and counsel, as well as the most efficient and economical way of resolving the class claims. Likewise, if the class mechanism is not a viable option, a denial of class certification will be made early, and the rights of all parties and putative class members will be determined at the outset of the case.
Moreover, allowing the tolling of statutes of limitations of class claims (as encouraged by Fierro) will result in theoretically endless tolling so long as a new named plaintiff is available to promptly file a new class action complaint each time class certification is denied. Nothing under California law suggests such an exception to the application of a statute of limitations for a class claim.[22] Stated differently, there *15 is no basis under California law for potentially unlimited tolling of statutes of limitations applicable to class action claims.[23]
Statutes of limitations, which are the result of legislation, " ' "represent a public policy about the privilege to litigate." ' " ( Grell v. Laci Le Beau Corp. (1999) 73 Cal.App.4th 1300, 1304, 87 Cal.Rptr.2d 358.) They " 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared,' " thereby "protecting settled expectations[,] giving stability to transactions[,] promoting the value of diligence[,] encouraging the prompt enforcement of substantive law[,] avoiding the retrospective *295 application of contemporary standards[,] and reducing the volume of litigation." ( MarinHealthcare Dist. v. Sutter Health (2002) 103 Cal.App.4th 861, 872, 127 Cal.Rptr.2d 113 ; accord, Jolly , supra , 44 Cal.3d at p. 1112, 245 Cal.Rptr. 658, 751 P.2d 923 [statutes of limitations "give defendants reasonable repose, that is, to protect parties from defending stale claims" and "require plaintiffs to diligently pursue their claims"].) Equitable tolling of class claims under American Pipe , which would allow an unlimited extension of the expiration of a statute of limitations, does not serve California's stated purposes of legislating limitation periods. To the contrary, application of American Pipe tolling to class claims would be inconsistent with the above-described policies associated with the application of statutes of limitations.
We acknowledge that, by disallowing American Pipe tolling to class claims, there may be an increase in class action filings with its related impact on court workload. A putative class member in one action who wants to preserve the ability to present the pending claims on behalf of a class must now file a new class action prior to the expiration of the applicable statutes of limitations, even if there has been no final determination in the initial action whether the class claims will proceed. However, given trial judges' ingenuity and creativity and the tools available (e.g., fn. 21, ante ), we are confident that trial courts will continue to be " 'flexib[le]' " and " 'procedurally innovative' ... in managing class actions" as directed by our Supreme Court. ( Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 339, 17 Cal.Rptr.3d 906, 96 P.3d 194, citation omitted; accord, Duran v. U.S. Bank Nat. Assn. (2014) 59 Cal.4th 1, 33, 172 Cal.Rptr.3d 371, 325 P.3d 916.) In addition, although the potential increase in class *16 action filings may affect the workload of our trial courts, we believe that proper management of multiple class actions at an early stage-i.e., before the expiration of the limitation periods for the class claims-will not materially affect the overall efficiency and economy in litigating class actions. At a minimum, the parties, counsel, and the court will know exactly what is involved and how the class claims will be managed before the running of the statutes of limitations on the claims. The alternative, as encouraged by Fierro, will result in the parties, counsel, and the court facing a potentially unlimited number of new class actions each time certification is denied in a pending class action-during all of which time the limitation periods on the class claims remain tolled.
Fierro relies on Falk , supra , 237 Cal.App.4th 1454, 188 Cal.Rptr.3d 686, in which the Court of Appeal held that, in certain circumstances (which include those in the present case), American Pipe tolling applies to successive class actions, thereby saving otherwise time-barred class claims. However, as we explain, given China Agritech 's abrogation of Third and Ninth Circuit authority that formed the basis of Falk 's application of American Pipe tolling to successive class actions, Falk is no longer persuasive.
*296 In Falk , on behalf of a putative class, the named plaintiff asserted employment-related claims based on alleged violations of the laws associated with overtime, meal periods, and rest breaks. ( Falk , supra , 237 Cal.App.4th at p. 1457, 188 Cal.Rptr.3d 686.) There had been a prior class action in which similar class claims had been asserted, and in that action the court had granted a defense motion for summary judgment on the merits of the named plaintiff's claims prior to any class certification proceedings. ( Id. at pp. 1458, 1461, 188 Cal.Rptr.3d 686.) In Falk , the trial court agreed with the defendant's argument that equitable (i.e., American Pipe ) tolling did not apply to the class claims, expressly rejecting the plaintiff's suggestion that American Pipe , supra , 414 U.S. 538, 94 S.Ct. 756, permitted the " 'piggybacking' of successive class actions." ( Falk , at pp. 1461-1462, 188 Cal.Rptr.3d 686.)
The Court of Appeal reversed. Disagreeing with the trial court's reasoning, the appellate court concluded that where, in the initial class action, class certification was neither denied on reasons that would be inapplicable to a subsequent action (e.g., inadequate class representative) nor addressed at all (e.g., the present case), " American Pipe tolling should apply." ( Falk , supra , 237 Cal.App.4th at p. 1465, 188 Cal.Rptr.3d 686.) Falk relied on similar rulings of the Third Circuit in Yang , supra , 392 F.3d 97, and the Ninth Circuit in Catholic Social Services , supra , 232 F.3d 1139 to support its conclusion that, "if class certification is denied in the earlier action based solely on ... deficiencies in the putative class representative-and not on ... deficiencies in the class itself-then tolling applies " to "allow[ ] 'piggybacking' of class actions ." ( Falk , at p. 1470, 188 Cal.Rptr.3d 686, italics added.)
Notably, in reaching its conclusions in China Agritech , supra , --- U.S. ----, 138 S.Ct. 1800, the Supreme Court disapproved of Yang and its application of American Pipe tolling to allow sequential class actions past the limitation period(s) of the class claim(s). ( China Agritech , at p. ----, fn. 5, 138 S.Ct. at p. 1809, fn. 5 ; Weitzner v. Sanofi Pasteur Inc. (3d Cir. 2018) 909 F.3d 604, 610 ["we [the court that issued Yang ] recognize the abrogation of Yang v. Odom on this point"].) In reversing *17 Resh v. China Agritech, Inc. (9th Cir. 2017) 857 F.3d 994,[24] the China Agritech opinion also necessarily disapproved of Catholic Social Services , supra , 232 F.3d 1139, the Ninth Circuit's en banc opinion that formed the basis of Resh , at pages 1001-1002.[25] *297 In sum, Falk relied principally on Yang and Catholic Social Services to allow tolling of the statutes of limitations on the otherwise untimely class claims; however, Yang and Catholic Social Services are no longer good law . Accordingly, Fierro's reliance on Falk is misplaced, and we decline to follow Falk .
C. Conclusion
There is no controlling California state authority with regard to whether American Pipe tolling applies to successive class (as contrasted with individual ) claims. Despite certain differences in state and federal class action procedures, we conclude that applying the rule of law established China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804 in California will ensure the requisite "fairness in the resolution of class action suits" in California as required by our high court in Jolly , supra , 44 Cal.3d at page 1118, 245 Cal.Rptr. 658, 751 P.2d 923.
In the event a plaintiff class is not certified, the pendency of the putative class's claim does not toll the applicable statute of limitations to the same class claim alleged in a later action. Thus, upon denial of class certification in an action, a putative class member may not commence the same class claim in a new action beyond the time allowed by the limitation period applicable to the class claim. As in federal court, in California, " American Pipe [, supra , 414 U.S. 538 [94 S.Ct. 756] ] does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." ( China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.)
The application of this rule to the putative class that Fierro alleges in his complaint likely will result in some of the absent class members' claims being time-barred.[26] Based on this likelihood, Landry's Restaurants contends that it is entitled to an affirmance of the trial court's order sustaining its demurrer as to the class claims. However, we cannot determine from the face of the complaint and judicially noticed matters-which is what we are limited *298 to considering in this appeal from an order sustaining a demurrer-that any one of the putative class's claims is untimely.[27]
Accordingly, even though we hold that American Pipe tolling does not apply to Fierro's class claims, this holding does not provide a basis on which to affirm the trial *18 court's ruling that sustained without leave to amend Landry's Restaurants's demurrer to the class claims in Fierro's complaint. In due course, on a more developed record, the court can decide issues related to class certification and/or statutes of limitations with the guidance that American Pipe tolling does not apply to the class claims.
III. DISPOSITION
That portion of the trial court's order sustaining Landry's Restaurants's demurrer without leave to amend as to Fierro's class claims is reversed, and on remand the court is instructed to enter an order overruling that portion of Landry's Restaurants's demurrer directed to the class claims. The parties shall bear their respective costs on appeal. ( Cal. Rules of Court, rule 8.278(a)(5).)
WE CONCUR:
HUFFMAN, Acting P. J.
HALLER, J.

The complaint identifies "Landry's Restaurants Inc." as the sole named defendant. The demurrer that resulted in the order on appeal was filed on behalf of defendant "Landry's, Inc., formerly known as Landry's Restaurants, Inc." ("Landry's Restaurants").

Further unidentified statutory references are to the Code of Civil Procedure.

An action "shall be brought to trial within five years after the action is commenced" (§ 583.310 ); if not, then the court "shall" dismiss the action, either on its own motion or on the motion of the opposing party, after notice to the parties (§ 583.360, subd. (a) ).

Generally, the right to appeal in California is governed by the "one final judgment" rule, pursuant to which an appeal may be taken only from a final judgment in the entire action. (In re Baycol Cases I and II (2011) 51 Cal.4th 751, 754, 756, 122 Cal.Rptr.3d 153, 248 P.3d 681 (Baycol ).) For example, under the one final judgment rule an order in part sustaining a demurrer without leave to amend is not appealable. (Evans v. Dabney (1951) 37 Cal.2d 758, 759, 235 P.2d 604 ). However, the death knell doctrine is an exception to the one final judgment rule. (Baycol , at p. 757, 122 Cal.Rptr.3d 153, 248 P.3d 681.) It allows an immediate appeal of an order that entirely terminates class claims while allowing individual claims to proceed. (Id. at pp. 757, 759, 122 Cal.Rptr.3d 153, 248 P.3d 681.) Because such an order "effectively [rings] the death knell for the class claims," it is essentially "a final judgment on those claims." (Id. at p. 757, 122 Cal.Rptr.3d 153, 248 P.3d 681 ; see Daar v. Yellow Cab Co. (1967) 67 Cal.2d 695, 699, 63 Cal.Rptr. 724, 433 P.2d 732 [order denying class certification "is tantamount to a dismissal of the action as to all members of the class other than plaintiff"].) Indeed, because a death knell order is immediately appealable, " 'a plaintiff who fails to appeal from one loses forever the right to attack it.' " (Munoz v. Chipotle Mexican Grill, Inc. (2015) 238 Cal.App.4th 291, 308, 189 Cal.Rptr.3d 134.)

In summarizing the factual and procedural background, both parties failed to support numerous factual assertions with citations, or at times accurate citations, to the record on appeal as required by California Rules of Court, rule 8.204(a)(1)(C). Our independent review of the record on appeal has not helped in finding support for some basic and many extraneous facts contained in the parties' briefs. Absent a party's accurate record reference or our independent verification, we have not considered the party's factual recitation. (Rybolt v. Riley (2018) 20 Cal.App.5th 864, 868, 229 Cal.Rptr.3d 576 [appellate courts may " 'disregard any factual contention not supported by a proper citation to the record' "]; County of Riverside v. Workers' Compensation Appeals Board (2017) 10 Cal.App.5th 119, 124, 215 Cal.Rptr.3d 693 [appellate courts " 'ignore' " factual statements without record references].) In short, we are unable to accept counsel's argument on appeal as facts. (See In re Zeth S. (2003) 31 Cal.4th 396, 414, fn. 11, 2 Cal.Rptr.3d 683, 73 P.3d 541 ["the unsworn statements of counsel are not evidence"]; Davenport v. Blue Cross of California (1997) 52 Cal.App.4th 435, 454, 60 Cal.Rptr.2d 641 ["unsworn averments in a memorandum of law prepared by counsel do not constitute evidence"].)

We take judicial notice of the existence of the documents, not the truth of the matters asserted therein. (Lindsey v. Conteh (2017) 9 Cal.App.5th 1296, 1302, fn. 2, 215 Cal.Rptr.3d 801.)

For ease of reading, we will not use specific dates for the various events. To the extent certain dates are potentially outcome-determinative for our analysis of Landry's Restaurants's statute of limitations argument on appeal, we will include the relevant specific dates in the discussion of tolling at part II.B., post .

Neither the parties, the appellant's appendix, nor the judicially noticed documents tells us what happened to named plaintiff Kauffman or named defendant Joe's Crab Shack, Inc., or how Crab Addison, Inc., Ignite Restaurant Group, Inc., or Landry's Restaurants, Inc. became defendants.

Fierro tells us that the "Martinez trial court never got to the issue of whether class certification was appropriate"; i.e., "while the parties were preparing for class certification, the Martinez trial court dismissed the action for failure to bring the action to trial within five years after commencement pursuant to ... § 583.310 [ ] et seq." Landry's Restaurants tells us that "[n]o class was ever certified, and the defendants in the Martinez action eventually filed a motion to dismiss the case on the grounds that the action was not brought to trial within five years after commencement." The parties have not provided record references for these statements, and our independent review of the record has not confirmed these statements; thus, we do not consider them. (See fn. 5, ante .)

Landry's Restaurants tells us that Fierro "concedes within his Complaint that he did not work after September 7, 2007," citing page 6 of the appellant's appendix. Page 6 of the appendix is page 2 of Fierro's complaint; and since it contains no such concession, we do not consider Landry's Restaurants's unsupported statement. (See fn. 5, ante .)

Landry's Restaurants tells us that the statutes of limitations on Fierro's claims are one, three, or four years, depending on the specific claim. Fierro does not argue otherwise. Accordingly, we accept for purposes of this appeal, without deciding, that the applicable statutes of limitations for the class claims in Fierro's complaint are between one and four years.

The court expressly limited its ruling on the statute of limitations defense to its order on Landry's Restaurants's demurrer; i.e., the ruling was not a final determination on the merits of the defense.

The court denied as moot Landry's Restaurants's motion to strike.

In full, the judgment in the Martinez action provides: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the claims in this action of Plaintiffs Roberto Martinez, Lisa Saldana, Craig Eriksen and Chanel Rankin-Stephens, and each of them, are dismissed with prejudice, and that Plaintiffs shall take nothing by their complaint. [¶] Defendants Crab Addison, Inc. (erroneously identified as 'Joe's Crab Shack'), Ignite Restaurant Group, Inc. (formerly known as 'Joe's Crab Shack Holdings, Inc.'), and Landry's Restaurants, Inc. are awarded costs against Plaintiffs costs of $______." (Sic. )

In support of this ruling, Hardy cited Lord , supra , 27 Cal.2d at p. 850, 168 P.2d 5 and "Gonsalves v. Bank of America (1940) 16 Cal.2d 169, 172-173 [105 P.2d 118] ['it is a fundamental rule that a judgment is not res judicata unless it is on the merits, and a dismissal for delay in prosecution is not']; Franklin Capital Corp. v. Wilson (2007) 148 Cal.App.4th 187, 215, fn. 33 [55 Cal.Rptr.3d 424] ['The very definition of res judicata contemplates a judgment on the merits, and dismissals for lack of prosecution under [§ 583.310 ] are not on the merits.']; Ashworth v. Memorial Hospital (1988) 206 Cal.App.3d 1046, 1053 [254 Cal.Rptr. 104] [same]; Mattern v. Carberry (1960) 186 Cal.App.2d 570, 572 [9 Cal.Rptr. 137] [same].)" (Hardy , supra , 232 Cal.App.4th at p. 803, 181 Cal.Rptr.3d 685.)

In an argument related to whether the judgment in the Martinez action barred Fierro's class claims, Fierro suggests that if the judgment had such a preclusive effect, he would be denied due process on the basis that he has "the right ... to bring a class action under California law." However, the authority Fierro cites does not support his suggestion. He argues that "group litigation and the class action procedure implicate the protections afforded by the due process clauses of the 5th and 14th Amendments to the U.S. Constitution," citing rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.) and federal authorities that discuss the due process rights of unnamed class members to be adequately represented and to receive notice and an opportunity to opt out of a certified class. Neither the cited authorities nor our independent research has disclosed a due process right to bring a class action under California law, and we express no opinion on such a right under federal law.

Since the first and second amended complaints contain the same causes of action, a reasonable inference is that Martinez added the two additional plaintiffs in an effort to proffer adequate class representatives.

Since the second and third amended complaints contain the same causes of action, a reasonable inference is that Martinez, Saldana, and Kauffman added the two plaintiffs in an effort to proffer adequate class representatives.

In addition, at the time, the Sixth Circuit also applied American Pipe tolling to successive class actions. (Phipps v. Wal-Mart Stores, Inc. (6th Cir. 2015) 792 F.3d 637, 652-653, abrogated by China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1804.)

While nonexhaustive, some of the procedural differences between federal and state court include:
• In federal court, the denial of class certification is an interlocutory order, not reviewable as of right until a final judgment (Microsoft Corp. v. Baker (2017) --- U.S. ----, 137 S.Ct. 1702, 1706], 198 L.Ed.2d 132 ) or discretionary interlocutory appeal (Fed. Rules Civ. Proc., rule 23(f), U.S.C.); whereas, in California, the death knell doctrine allows an immediate appeal of the trial court's denial of class certification (or dismissal of class claims) (Baycol , supra , 51 Cal.4th at p. 757, 122 Cal.Rptr.3d 153, 248 P.3d 681 ; see fn. 4, ante ).
• For purposes of res judicata (claim preclusion) or collateral estoppel (issue preclusion), in federal court, an order denying class certification is final unless reversed on appeal or modified or set aside by the issuing court (see Martin v. Martin (1970) 2 Cal.3d 752, 761, 87 Cal.Rptr. 526, 470 P.2d 662 ); whereas, in California, while an appeal is pending (or the time to appeal has not yet expired), an order denying class certification is not final (see Pellissier v. Title Guarantee & Trust Co. (1929) 208 Cal. 172, 184, 280 P. 947 ).

These available procedures include, but are not limited to: sections 382 (class actions), 403 (motion to transfer for coordination), 404-404.9 (coordination), and 1048 (consolidation); and California Rules of Court, rules 3.300 (related cases), 3.350 (consolidated cases), 3.400-3.403 (complex cases), 3.500 (coordination of noncomplex actions), 3.501-3.550 (coordination of complex actions), 3.750-3.751 (complex cases), and 3.760-3.771 (class actions). Trial courts' application of these tools can ensure that efficiency and economy prevail in the event of the filing of multiple class actions prior to the expiration of an applicable statute of limitations; e.g., successive class actions can be stayed, consolidated, or coordinated as necessary. (Cf. China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1811 ["district courts have ample tools at their disposal to manage the suits, including the ability to stay, consolidate, or transfer proceedings"].) Even the different procedures between state and federal court identified at footnote 20, ante , do not suggest, let alone compel, any less efficiency or economy if, as we conclude here, statutes of limitations for class claims are not tolled in California under American Pipe .

California already has in place a procedure to protect class claims where the trial court denies certification on the basis that the named plaintiffs are not adequate class representatives. Under such circumstances, statutes of limitations need not be tolled and a new action need not be filed, because if new named plaintiffs are available, the court "should at least afford plaintiffs the opportunity to amend their complaint ... to add new individual plaintiffs ... in order to establish a suitable representative." (La Sala v. American Sav. & Loan Assn. (1971) 5 Cal.3d 864, 872, 97 Cal.Rptr. 849, 489 P.2d 1113.) This amendment procedure " 'prevents a prospective defendant from avoiding a class action by "picking off" prospective class action plaintiffs one by one, settling each individual claim in an attempt to disqualify the named plaintiff as a class representative.' " (Payton v. CSI Electrical Contractors, Inc. (2018) 27 Cal.App.5th 832, 848, 238 Cal.Rptr.3d 571.)

We recognize that wage and hour claims are "eminently suited for class treatment" (Brinker Restaurant Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1033, 139 Cal.Rptr.3d 315, 273 P.3d 513 ) and that "classwide relief remains the preferred method of resolving wage and hour claims" (Martinez v. Joe's Crab Shack Holdings , supra , 231 Cal.App.4th at p. 384, 179 Cal.Rptr.3d 867 ). However, we reject any suggestion that, just because the class action is an efficient and economical procedure for managing wage and hour cases, the class action procedure also revives otherwise untimely wage and hour claims.

In his initial briefing on appeal (which was prior to the Supreme Court's opinion in China Agritech , supra , --- U.S. ----, 138 S.Ct. 1800 ), Fierro relied heavily on the Ninth Circuit's opinion in Resh v. China Agritech, Inc. , supra , 857 F.3d 994, revd. sub nom . China Agritech , supra , --- U.S. ----, 138 S.Ct. 1800.

In fact, in deciding Yang , the Third Circuit also had relied on the Ninth Circuit's opinion in Catholic Social Services , supra , 232 F.3d 1139. (Yang , supra , 392 F.3d at p. 107 ["Catholic Social Services can be read as authority for our holding that class claims should be tolled where the district court denies class certification based on deficiencies of a class representative"], abrogated in part by China Agritech , supra , --- U.S. ----, 138 S.Ct. at p. 1809, fn. 5.)

For example, as currently alleged by Fierro, the putative class could include an employee whose claim of a Labor Code violation occurred and accrued more than 13 years before Fierro filed his complaint.

For example, as currently alleged by Fierro, the putative class could include an employee whose claims of a Labor Code violation occurred and accrued a day before Fierro filed his complaint.