**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA PONKEY; THE BRAUN GROUP, LLC, a California limited liability company, for themselves individually and on behalf of similarly situated persons,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>LLR, INC., a Wyoming corporation; LULAROE, LLC, a California limited liability company; LENNON LEASING, LLC, a Wyoming limited liability company; MARK A. STIDHAM, an individual; DEANNE S. BRADY, an individual also known as Deanne Stidham; STRAIGHT AND NARROW, LLC, a Nevada limited liability company; AIRPORT ROAD NO 25, LLC, a Wyoming limited liability company; YELLOW HUSKY, LLC, a Wyoming limited liability company; BRADHAM INVESTMENT HOLDINGS, LLC, a Wyoming limited liability company; SEQUOIA HOLDINGS, LLC, a Wyoming limited liability company; SEQUOIA HOLDINGS MANAGEMENT, LLC, a Wyoming limited liability company; BIG SKY COMPANY | No. 24-5729<br><br>D.C. No.<br>5:21-cv-00518-AB-SHK<br><br>MEMORANDUM* |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

VENTURES, LLC, a Wyoming limited liability company; JOSHUA TREE INVESTMENTS, LLC, a Wyoming limited liability company; BRYCE CANYON INVESTMENTS, LLC, a Wyoming limited liability company; GOLDEN GATE HOLDINGS MANAGEMENT, LLC, a Wyoming limited liability company; REDWOOD VENTURES, LLC, a Wyoming limited liability company; LEGAL FUND HOLDINGS, LLC, a Wyoming limited liability company; STORYLAND INVESTMENTS, LLC, a Wyoming limited liability company; 13 CROWNS INVESTMENTS, LLC, a Wyoming limited liability company; CORONA LAND CAMPUS, LLC, a California limited liability company; 823 RINGDAHL CIRCLE, LLC, a California limited liability company; 4048 SUZIE CIRCLE, LLC, a California limited liability company,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted October 10, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Plaintiffs Jessica Ponkey and the Braun Group, LLC, appeal the district court's order denying their motion to transfer and dismissing their claims against defendants LLR, Inc., LuLaRoe, LLC, Lennon Leasing, LLC, and Deanne S.

Brady (collectively LLR) as barred by a one-year contractual limitations provision. We have jurisdiction under 28 U.S.C. § 1291. We affirm the denial of the motion to transfer but reverse in part the dismissal order.

We review the denial of a motion to transfer pursuant to a forum-selection clause for abuse of discretion. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). We review de novo whether a contractual provision is invalid as unconscionable, *see Coneff v. AT&T Corp.*, 673 F.3d 1155, 1157 (9th Cir. 2012), and whether a claim is barred by the statute of limitations, *see Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012).

1. The district court did not abuse its discretion in denying Ponkey's motion to transfer the case from the Western Division of the Central District of California to the Eastern Division. Ponkey sought transfer on the ground that her claims arose out of her contractual relationship with LLR, and the contract included a forum-selection clause specifying the Eastern Division. The district court denied the motion, finding that Ponkey "appears to be judge shopping."

A district court should deny a motion to transfer based on a valid forum-selection clause only when "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Constr. Co. v. United States Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). Extraordinary circumstances exist if "enforcement would contravene a strong

3                                                                          24-5729

public policy of the forum in which suit is brought." *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

We have recognized that "[j]udge-shopping clearly constitutes 'conduct which abuses the judicial process.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). The Central District has likewise adopted rules that prohibit dismissing and refiling cases "for the purpose of obtaining a different judge." C.D. Cal. Loc. R. 83-1.2.1. The district court found that Ponkey appeared to be judge-shopping. Notably, Ponkey did not seek to enforce the forum selection clause, despite previously considering filing such a motion, until more than two years into the litigation and after the district court had made substantive rulings unfavorable to her. The district court's finding was sufficient to justify denying the motion to transfer.

2. The one-year contractual limitations provision is unenforceable under California law. A contract is unconscionable "if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *Ramirez v. Charter Commc'ns, Inc.,* 551 P.3d 520, 529 (Cal. 2024) (quoting *OTO, LLC v. Kho*, 447 P.3d 680, 689 (Cal. 2019)). Under California's sliding-scale approach, "the more substantively oppressive [a] term, the less evidence of procedural unconscionability is required,

and vice versa." *Id.* at 530 (quoting *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000)).

A previous panel of this court determined that the contract contains a "low level of procedural unconscionability," *Ponkey v. LLR, Inc.*, No. 22-55532, 2023 WL 4863296, at *1 (9th Cir. July 31, 2023), and neither party challenges that conclusion here. The parties dispute only the substantive unconscionability of the limitations provision, which requires individual consultants to bring any claims against LLR "within one year from the date of the alleged conduct giving rise to the cause of action."

Three features of this provision support a conclusion that it contains significant substantive unconscionability. First, it substantially shortens the time to bring a claim. For example, plaintiffs' claims for violations of California's Endless Chain Law would otherwise be subject to a three-year statute of limitations, Cal. Civ. Proc. Code § 338(a), which the contract reduces to one year. *See Ramirez*, 551 P.3d at 535–36 (finding an identical two-thirds reduction to be contrary to public policy). Second, the provision is unilateral, applying only to Ponkey and not to LLR. The "lack of mutuality is indicative of substantive unconscionability," *id.* at 534, particularly because LLR "does not offer any business-related justification" for it, *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1095 (9th Cir. 2024). Third, the provision requires consultants to waive California's discovery rule by

connecting the limitations period to "the date of the alleged conduct giving rise to the cause of action." That additional limitation, again without "any business-related justification" identified by LLR, further indicates substantive unconscionability. *Id.*

3. We affirm the dismissal of plaintiffs' claims under California's Seller Assisted Marketing Plan (SAMP) Act. The SAMP Act imposes disclosure requirements on sellers of seller-assisted marketing plans and requires them to include certain contractual provisions. Cal. Civ. Code §§ 1812.206, .209. Plaintiffs' SAMP Act claims accrued when they signed contracts—Ponkey in February 2017 and Braun in November 2016—that lacked those provisions and without receiving the required disclosures. This action was not filed until March 2021, outside the three-year statute of limitations. Cal. Civ. Proc. Code § 338(a). Plaintiffs are not entitled to equitable tolling based on an earlier-filed class action, *see Fierro v. Landry's Rest. Inc.*, 244 Cal. Rptr. 3d 1, 13 (Ct. App. 2019), and have not pleaded that they reasonably relied on LLR's denial of liability under the SAMP Act such that a theory of fraudulent concealment is available, *see Conmar Corp. v. Mitsui & Co. (U.S.A), Inc.*, 858 F.2d 499, 505 (9th Cir. 1988). The SAMP Act claims are therefore time-barred, and the civil conspiracy claim based on the same conduct is also barred. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991). We decline to address the timeliness of the other claims but leave

24-5729

those issues for the district court to resolve in the first instance.

4. We deny plaintiffs' request to reassign this case to a different district judge on remand. "Reassignment on remand is highly discouraged, and such a motion will be granted 'only in unusual circumstances or when required to preserve the interests of justice.'" *United States v. Lynch*, 903 F.3d 1061, 1085 (9th Cir. 2018) (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012)). No such circumstances are present here.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**