Filed 12/23/25  A.S. v. F.E. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| A.S.,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>F.E.,<br><br>　　　Defendant and Appellant. | B343087<br><br>(Los Angeles County<br>Super. Ct.<br>No. 23STPT03113) |

APPEAL from an order of the Superior Court of
Los Angeles County, Esther P. Kim, Judge.  Affirmed.

F.E., in pro. per., for Defendant and Appellant.

A.S., in pro. per., for Plaintiff and Respondent.

_____

The only trial court order under review in the current appeal is the trial court's December 20, 2024 order denying a request for restraining order filed by F.E. (defendant), seeking protection from A.S. (plaintiff). Based on the fact that defendant's arguments against that order are contained solely in his reply brief, which lacks any citations to the appellate record, as well as the inadequacy of such record, we conclude that defendant has not met his burden to show reversible error. We therefore affirm.

## PROCEDURAL BACKGROUND[1]

A brief summary of the appellate filings in this case is necessary to describe the limited scope of the current appeal. Defendant filed two notices of appeal: (1) in a December 3, 2024 notice, defendant appealed the trial court's October 3, 2024 order (Plaintiff's DVRO) granting plaintiff a domestic violence restraining order requiring defendant to stay away from plaintiff and their daughter, except for existing child custody and visitation orders, and (2) in a December 30, 2024 notice,

---

[1] An appellant's opening brief must contain "a summary of the significant facts" relevant to the issues raised in the appeal, supported by a citation to the page number of the record where each fact appears. (Cal. Rules of Court, rule 8.204(a)(2)(C).) In this case, all three briefs—the opening brief, respondent's brief, and the reply brief—lack any citations to the appellate record. Nonetheless, we give a brief procedural overview based on our independent review of the parties' appellate filings and the record.

defendant appealed a December 20, 2024 order denying defendant's request for a restraining order (Defendant's DVRO Request) against plaintiff.

This court initially dismissed defendant's appeal of Plaintiff's DVRO on January 30, 2025,[2] but defendant successfully moved to have the dismissal vacated. Defendant's record designation,[3] filed in the trial court on March 3, 2025, requested preparation of reporter's transcripts for hearings on October 2 and 3, 2024. This court dismissed the appeal of Plaintiff's DVRO again on June 5, 2025,[4] and remittitur issued on August 18, 2025. On August 22, 2025, defendant filed a motion entitled "motion to reinstate appeal," which this court denied after construing it as a motion to recall remittitur and reinstate the appeal.

Defendant's appeal of the order denying Defendant's DVRO Request proceeded on a parallel track. Defendant's record designation, filed December 30, 2024, indicates that defendant

---

[2] The appeal was dismissed under California Rules of Court, rule 8.100(c) for failure to pay filing fees. Further rule references are to the California Rules of Court.

[3] Defendant used Judicial Council form APP-003, *Appellant's Notice Designating Record On Appeal (Unlimited Civil Case).*

[4] The appeal was dismissed under rule 8.140(b) for failure procure the record, after a May 7, 2025 notice of non-compliance notified defendant of a failure to timely pay deposit for a reporter's transcript or take alternative action under rule 8.130(b).

chose to proceed "WITHOUT a record of the oral proceedings." While the notice of appeal did not identify the appealed order on its face, on March 6, 2025, defendant filed a civil case information statement that attached the trial court's December 20, 2024 order denying Defendant's DVRO Request. The clerk's transcript was filed on July 2, 2025.

Defendant filed an opening brief on August 11, 2025. As defendant explained in a later filing, he "mistakenly confused two separate appeals," and so the substance of the opening brief focuses on Plaintiff's DVRO. Defendant's opening brief does not address the trial court's later order denying Defendant's DVRO Request.

On September 18, 2025, plaintiff moved to dismiss defendant's appeal, arguing that dismissal was required because remittitur had already issued. Plaintiff's respondent's brief was filed on September 23, 2025.[5]

In defendant's reply brief, filed on October 10, 2025, he clarifies that the current appeal concerns the December 2024 order denying Defendant's DVRO Request, and not the October 2024 Plaintiff's DVRO.

## DISCUSSION

In his reply brief, defendant contends that the order denying Defendant's DVRO Request should be reversed because

---

[5] On September 11, 2025, this court notified plaintiff of her failure to file a respondent's brief. Plaintiff's initial attempt to file a respondent's brief was rejected, but ultimately accepted after she field a substitution of attorney indicating her intent to proceed as a self-represented party.

the trial court discounted a documented pattern of harassment, defamation, and threats to withhold custody of a child. Although he cites to legal authority to support his argument, defendant's reply brief lacks any citations to the appellate record to support his factual contentions, and absence of any evidence in the appellate record relevant to the issues raised in the reply brief prevents this court from conducting any independent evaluation of the merits of defendant's contentions.

## A. Plaintiff's Motion to Dismiss

Given that defendant's opening brief focused only on the merits of the Plaintiff's DVRO, we understand why plaintiff filed a motion to dismiss the appeal, arguing that defendant's appeal should be dismissed because remittitur has issued. However, as explained above, remittitur has only issued on defendant's appeal of Plaintiff's DVRO. Because no remittitur has issued on defendant's appeal of the order denying Defendant's DVRO Request, we deny plaintiff's motion to dismiss.

## B. Inadequate Record and Briefing

Defendant's reply brief focuses on the trial court's denial of Defendant's DVRO Request, but he has failed to show reversible error. First, arguments raised in the reply brief alone are forfeited. (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1071 (*LNSU*).) "An appellant may not put off to its reply brief the presentation of a legal argument supporting a claim of error asserted in its opening brief, for to do so would unfairly deprive the respondent

5

of the ability to rebut the argument. [Citations.]" (*Id.* at pp. 1070–1071.)

Second, even reaching the merits of defendant's arguments in his reply brief, we start with the presumption that that trial court's order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome the presumption of correctness, an appellant "must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities. [Citations.].)" (*LNSU, supra*, 94 Cal.App.5th at p. 1070.) We disregard any factual assertions or arguments that are unsupported by proper record citations. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 248; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5).) These principles apply regardless of whether a party is self-represented or represented by an attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Even if we were to attempt to conduct an independent review of the record, it is inadequate to evaluate whether the trial court erred. The record does not even contain Defendant's DVRO Request. Moreover, the court's December 20, 2024 minute order denying Defendant's DVRO Request conveys nothing about the substance of the evidence received by the trial court. Although the minute order reveals that the court received written and oral testimony from both defendant and plaintiff, heard direct and cross examination of one witness called by defendant, and admitted into evidence four videos offered by defendant, none of that evidence has been included in the record on appeal. We find nothing in the record to support defendant's contention that

the trial court erred when it denied his request for a restraining order.

## DISPOSITION

The court's December 20, 2024 order is affirmed.  In the interests of justice, each party shall bear its own costs on appeal.
NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.