Filed 3/26/21  Thomas v. Blue CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ADAM T. THOMAS, | D076222 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00064532-CU-PT-NC) |
| JAY K. BLUE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, William Y. Wood, Judge.  Affirmed.

Jay K. Blue, in pro. per., for Defendant and Appellant.

Ridgeway Law and Christopher M. Ridgeway, for Plaintiff and Respondent.


Defendant/appellant Jay K. Blue has provided this court with the trial court's settled statement from a hearing on April 26, 2019, an appellant's appendix (which contains six documents, only three of which are from this case), an opening brief, and a reply brief.  From a review of these documents, we know only that, as a matter of elder or dependent adult abuse prevention,

plaintiff/respondent Adam T. Thomas initiated this action in the superior court, and the court entered a minute order restraining Blue for the benefit of "Interested Party" D.C. (April 2019 Minute Order). As we explain, Blue has not provided this court with a sufficient record on appeal or a sufficient legal argument, supported by authorities, from which we might reach the merits of his appeal. By this presentation, he cannot meet his burden on appeal of establishing reversible error, and on that basis we affirm the April 2019 Minute Order.

I.

The April 2019 Minute Order indicates that it resulted from a "Request for Elder or Dependent Adult Abuse Restraining Orders" filed December 21, 2018, and that Thomas was the petitioner. The 2019 Minute Order provides in part: Thomas, Blue, and D.C. "are sworn to testify on their behalf. [¶] Restraining order as requested against . . . Blue is granted with a 100 yards stay away order to expire 04-26-22. [¶] The Court orders . . . Blue not to physically or financially abuse, intimidate, contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, send any messages to, follow, stalk, keep under surveillance, block movements, destroy the personal property, or take any action to obtain the addresses or locations of D[.C]. [¶] The Court orders that . . . Blue: cannot own . . . a gun or firearm; . . . . [¶] The request to include . . . Thomas for protection under these orders is denied at this time." (Some capitalization omitted.)

None of the court's proceedings at any time was reported. The trial court provided a seven-page "Settled Statement re: Hearing Held 4-26-19." In part, consistent with its April 2019 Minute Order, the court summarized: "On April 26, 2019, Mr. Blue and Mr. Thomas appeared. The hearing was not reported or recorded. The court granted the request of Mr. Thomas on

2

behalf of [D.C.] for Elder or Dependent Adult Abuse Restraining Orders and denied the request of Mr. Blue for Elder or Dependent Adult Abuse Restraining Orders against Mr. Thomas.  The court denied Mr. Thomas's request to be an additional protected party on the restraining order protecting [D.C.]."

After providing a procedural "Background" of events between November 30, 2018, and January 24, 2020, the settled statement set forth what Blue "specifi[ed]" as "grounds for appeal" and two typewritten pages describing the "Evidence Presented at the April 26, 2019 hearing."  (Some capitalization, bolding, and underscoring omitted.)  The cited evidence includes certain basic facts to which the parties agreed, as well as testimony from Blue, Thomas, and D.C.[1]

"The Court's Findings," which are also included in the settled statement, provide in full:  "The court found by a preponderance of the evidence that Mr. Blue, ostensibly [D.C.]'s caretaker, assaulted [D.C.] by deliberately throwing water on her.  [D.C.] has Alzheimer's Disease and the event Mr. Blue admitted was neither playful nor simply careless; it served no legitimate purpose, was alarming to [D.C.], and caused her confusion and emotional distress."

## II.

Blue represented himself throughout the proceedings in the trial court and now on appeal.  In both courts, the procedural rules apply the same to a self-represented party as to a party represented by counsel.  (*Rappleyea v.*

---

[1]    With regard to D.C.'s testimony, the court ruled:  "The court heard briefly from [D.C.], who was in attendance, and determined that she was unable to testify.  [D.C.] did not have a Conservator at the time of the [April 26, 2019] hearing."

*Campbell* (1994) 8 Cal.4th 975, 984-985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].) In a recent appeal from the issuance of a restraining order (also known as a protective order) in a case under the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act), Welfare and Institutions Code section 15600 et seq.,[2] the Court of Appeal reaffirmed that a self-represented party " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*); accord, *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344-345 ["self-represented parties are ' "held to the same restrictive procedural rules as an attorney" ' "]; *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 ["The same rules apply to a party appearing in propria persona as to any other party."].) The fact that a party is representing himself is not a basis for special treatment that would be unfair to any other litigant. (*Rappleyea*, at

---

2      In his brief on appeal, Thomas tells us that he brought this action and sought the restraining order pursuant to the Elder Abuse Act, citing various provisions of Welfare and Institutions Code section 15600 et seq. However, he does not provide a record reference for this statement, and the rules regarding record references apply to Thomas as well as to Blue. (See pt. II.A., *post*.) Nevertheless, based on the trial court's Settled Statement re: Hearing Held 4-26-19 and Civil Case Information Statement that Blue filed in this court in September 2019, we are satisfied that Thomas initiated the action and sought the restraining order under the Elder Abuse Act (Welf. & Inst. Code, § 15600 et seq.). Under the Elder Abuse Act, what courts and parties often refer to as "restraining orders" are referred to as "protective orders." (E.g., Welf. & Inst. Code, § 15657.03, subd. (a)(1) ["An elder or dependent adult who has suffered abuse . . . may seek *protective orders* as provided in this section" (italics added)].)

pp. 984-985; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 416; see Advisory Com. com., Cal. Code Jud. Ethics, canon 3B(8).)

Thus, to the extent Blue's self-represented status contributed to certain procedural and substantive deficiencies in either court, it does not excuse them or otherwise entitle him to relief on the basis that he is representing himself. In this regard, an appellate party's failure to follow basic appellate procedure—both in briefing and in record preparation—has consequences.

A.

In an appellate brief, the party is required to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).[3]) Failure to do so may result in the court's disregard of the unsupported factual assertion or the party's forfeiture of appellate review of the issue or argument for which the unsupported factual reference is asserted. (*Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 [in appellate briefs, the court may " ' "ignore" ' factual statements without record references" and "may ' "disregard any factual contention not supported by a proper citation to the record" ' "]; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 ["An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference"].) In an appeal from the grant of an Elder Abuse Act protective order, for example, the appellate court reminded the parties that it "disregard[s] factual contentions that are not supported by citations to the record." (*Tanguilig, supra*, 36 Cal.App.5th at p. 520; accord, *Herriott v.*

---

[3]    Subsequent undesignated rule references are to the California Rules of Court.

*Herriott* (2019) 33 Cal.App.5th 212, 222, fn. 15 [Elder Abuse Act appeal: the court disregarded portions of both parties' appellate briefing, because "[i]t is not this court's task to search the record for evidence that supports a party's factual statements"].)

Likewise, in an appellate brief, the party is required to "support each point by argument and, if possible, by citation of authority." (Rule 8.204(a)(1)(B).) Correspondingly, failure to do so results in the party's forfeiture of appellate review of the issue or argument. (*Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 464 ["Where an appellant fails to present argument or legal authority, he or she forfeits appellate consideration of the issue."]; *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].) For example, in *Tanguilig*, the appeal from an Elder Abuse Act protective order, the appellate court "disregard[ed] legal arguments that [we]re not supported by citations to legal authority . . . or [we]re conclusory . . . ." (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520, citations omitted.)

In the present appeal, Blue does not tell us under what authority he contends the court issued, or erred in issuing, the April 2019 Minute Order.[4] In addition, Blue does not provide record references for almost all of his factual assertions, many from probate court litigation that is not before us.

---

[4] Since Thomas brought this action and sought the restraining order under the Elder Abuse Act (see fn. 2, *ante*), Welfare and Institutions Code section 15657.03 would have controlled the issuance of any "protective order" upon petition. Section 15657.03 currently contains 65 separately identified subdivisions, yet Blue does not mention one (or any other authority) in support of his appeal.

(See fn. 6, *post*.) Further, although his opening brief has sections entitled "Elements of the Action" and "The Standard of Review," Blue does not once mention the elements of a claim under the Elder Abuse Act or the standard of appellate review of a final protective order under the Elder Abuse Act.[5]

As a result of Blue's failures to comply with these basic requirements in his appellate briefing, Blue forfeited appellate review of the April 2019 Minute Order.

B.

A "fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' . . . 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized

---

[5] "The elements of a cause of action under . . . the Elder Abuse Act . . . are statutory, and reflect the Legislature's intent to provide enhanced remedies to encourage private, civil enforcement of laws against elder abuse and neglect." (*Intrieri v. Superior Court* (2004) 117 Cal.App.4th 72, 82.) "To this end, civil actions may be brought under the Act for 'physical abuse' ([Welf. & Inst. Code, ]§§ 15610.63, 15657), 'neglect' ([*id*., ]§§ 15610.57, 15657), or 'financial abuse' ([*id*., ]§§ 15610.30, 15657.5)." (*Mahan v. Charles W. Chan Ins. Agency, Inc.* (2017) 14 Cal.App.5th 841, 858.)

"We review the issuance of a protective order under the Elder Abuse Act for abuse of discretion, and we review the factual findings necessary to support the protective order for substantial evidence." (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 135.)

the order complained of, it will be presumed that such matters were presented." ' . . . ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' . . . 'Consequently, [the appellant] has the burden of providing an adequate record. . . . Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*), citations omitted; see *Tanguilig*, *supra*, 36 Cal.App.5th at p. 520 [Elder Abuse Act appeal: "an ' "order of the lower court is *presumed correct*" ' "].)

Rule 8.124 allows an appellant like Blue to designate an appendix (as opposed to a clerk's transcript) as the form of the record of the written documents from the superior court proceedings. At a minimum, however, the appendix "must contain": the notice of appeal; the judgment or order appealed from and any notice of its entry; any notices to proceed by settled statement; the register of actions; any document filed or lodged or any exhibit admitted in evidence, refused, or lodged in the superior court "that is necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on." (Rules 8.124(b)(1), 8.122(b)(1), (3).)

The appellant's appendix in this appeal, which contains only *three* documents from the present action, fails to comply with these most basic requirements.[6] Blue has not provided the notice of appeal, the notice to

---

[6]     Appellant's appendix includes six documents, *only three of which are from the present action*. In chronological order, the three documents from the present action are: (1) a minute order dated January 11, 2019, reissuing temporary orders on Thomas's application for a restraining order and

8

proceed by settled statement, the register of actions, and documentary evidence from at the hearing. Accordingly, to have a better idea of the trial court proceedings, on our own motion, we augment the record on appeal to include the register of actions. (Rule 8.155(c)(1).)

Having now reviewed the register of actions—which contains 74 separate entries—we know that, because of what Blue has not provided, we are unable to reach the merits of any of the four claims of error he asserts.[7]

---

continuing the hearing on the application; (2) a minute order dated April 26, 2019, in favor of D.C., restraining Blue from all contact with her for three years (previously identified as the "April 2019 Minute Order"); and (3) the court's settled statement filed February 28, 2020 (a certified copy of which was properly transmitted to this court by the clerk of the superior court in June 2020).

The other three documents in appellant's appendix are *not from the present action.* They appear to be from a probate case, San Diego Superior Court case No. 37-2018-00059946-PR-CP-CTL, entitled, "Conservatorship of [D.C.]" and in chronological order are: (4) an undated "Capacity Declaration" that contains references to November 28 and 29, 2018 (with no file stamp); (5) an ex parte minute order dated December 20, 2018 (regarding a Dec. 17, 2018 "Memorandum to Judge Case Concern"); and (6) a letter dated June 5, 2019, addressed to "Hon. Robert Longstreth," signed under penalty of perjury by N.S. (with no file stamp).

[7] The four point headings in Blue's opening brief are as follows: "A consenting water fight does not constitute 'domestic violence' "; "[Thomas's] power of attorney was fraudulent and therefore he had no legal authority to file an Elder Abuse Temporary Restraining Order"; "Hon. Robert C. Longstreth, issued a minute order on 20 December 2018 stating that 'no power of attorney or health care protection with [D.C.] as the principal shall be exercised without the written concurrence of Ms. Wilson. No disbursements from [D.C.]'s accounts and no use shall be made of her credit cards, without the written concurrence of Ms. Wilson"; and "The temporary restraining order was granted without good cause and was continued multiple times for unreasonable lengths in violation of the rules of court code." (*Sic.*) (Bolding and most capitalization omitted.)

Instead, as we explain, based on the record on appeal that Blue designated, we must affirm without reaching the merits. (*Jameson, supra*, 5 Cal.5th at p. 609.)

The register of actions indicates, at a minimum, that Thomas initiated this action by filing a "Request for Elder or Dependent Adult Abuse Restraining Orders (Elder or Dependent Adult Abuse Prevention)" and that Blue responded by filing an initial and an amended "Response to Request for Elder or Dependent Adult Abuse Restraining Orders."[8] Since the Judicial Council forms for Thomas's request and Blue's response (Nos. EA-100 and EA-120, respectively) are in the format of a declaration under penalty of perjury by the party, we know that the *evidence* in Thomas's petition and in Blue's response—evidence that was before the trial court at the hearing—is not before us in the record on appeal.[9] With no error apparent on the face of the record on appeal and without a complete record of the evidence before the trial court at the time it ruled, we must "presume[ ]" that the evidence *not* in the record on appeal "would demonstrate the absence of error" as to any factual finding necessary to support the rulings in the April 2019 Minute Order. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics omitted; see *Jameson, supra*, 5 Cal.5th at p. 608 [lack of a complete record of the evidence presented "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].)

---

[8]  These entries further corroborate Thomas's unsupported statement that he brought this action and sought the restraining order under the Elder Abuse Act (Welf. & Inst. Code, § 15600 et seq.). (See fn. 2, *ante*.)

[9]  We also know from the language in the settled statement that the statement did not include a reference to or a summary of all of the evidence received at the hearing.

In addition, the register of actions further indicates that, on April 26, 2019—i.e., the same date as the filing of the April 2019 Minute Order on review here—the court also filed a "Elder or Dependent Adult Abuse Restraining Order After Hearing (CLETS-EAR or EAF)," which is not in the appellant's appendix.[10]  This *six-page* order is on Judicial Council form EA-130 and contains much more information than the *one-page* April 2019 Minute Order—which naturally raises the question of whether Blue has presented to us the correct order for appellate review.

For the foregoing record-related reasons, where, as here, " ' "the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson, supra*, 5 Cal.5th at p. 609.)

---

[10]  Blue attached copies of this document *and* the April 2019 Minute Order to his Civil Case Information Statement filed in this court, but only the April 2019 Minute Order is in the record on appeal.

### III.

The April 2019 Minute Order is affirmed.  Thomas is entitled to his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.

12