Filed 10/18/21  Cooper Investors Properties v. Chen CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| COOPER INVESTORS PROPERTIES, LLC, | B309081 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KC069858) |
| v. | |
| RAYMOND CHEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gloria White-Brown, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Law Offices of Gary Hollingsworth and Gary Hollingsworth for Defendant and Appellant.

Bower & Associates, Leslie A. Bower and Jeffrey D. Montez for Plaintiff and Respondent.

—————————————

In April 2013, defendant and appellant Raymond Chen (Chen) entered into a five-year-and-two-month lease for space at a shopping mall for his restaurant. In February 2014, Chen assigned the lease to another tenant and secured the written consent of the landlord to do so. Later that year, plaintiff and respondent Cooper Investors Properties, LLC, (Cooper) acquired the property subject to the lease, thereby becoming the landlord. In October 2014, the tenant to whom Chen had assigned the lease attempted to assign the lease to new tenants, but the parties to that transaction failed to acquire Cooper's consent to this assignment. The new tenants nonetheless moved into the premises in November 2014, but abandoned the premises in August 2015. Cooper later entered into a new lease with yet another tenant for a term that began in March 2016 and ended in March 2021.

Cooper initiated the instant proceedings by filing suit against Chen for breach of contract, alleging that Chen was liable for the other tenants' failure to pay all rent due and for their abandonment of the premises. The trial court later stayed the action to allow Cooper and Chen to arbitrate their dispute in accordance with an arbitration provision in the lease. The arbitrator issued a final award that ordered: (a) Chen to pay Cooper $132,816.95 in damages, along with attorney fees, interest, and costs; and (b) Cooper to return Chen's table sets to him.

Cooper moved to confirm the arbitration award, including the provision requiring return of the table sets to Chen. Chen opposed the motion, arguing the arbitrator exceeded his authority in various respects, and that the entirety of the award was unenforceable because Cooper admitted that it lost Chen's

table sets.  The trial court rejected Chen's arguments, corrected the award by striking the provision concerning the table sets, and confirmed the award as corrected.

On appeal, Chen reiterates his contentions that the arbitrator exceeded his authority, and that Cooper's inability to return the table sets to him renders the whole award unenforceable.  We reject Chen's challenges to the arbitrator's authority because he failed to request an order of vacatur or correction within 100 days of service of the award.  We also conclude the trial court lacked statutory authority to strike the provision regarding Chen's table sets because Cooper likewise did not file and serve a timely request to vacate or correct the award.  Consequently, we reverse the judgment to the extent it corrected the award, affirm the remainder of the judgment, and remand the matter to the trial court with instructions to issue a new judgment confirming the entirety of the arbitrator's award.  Because the parties apparently agree the table sets are missing, upon request, the trial court may determine the value of the table sets and whether that value serves as an offset to the arbitrator's award.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

We summarize only those facts relevant to this appeal.

---

[1] Our factual and procedural background is derived in part from undisputed aspects of the trial court's ruling on Cooper's motion to confirm, the arbitration award, and the parties' briefing.  (See Standard of Review, *post* [noting that the trial court's ruling and the arbitrator's award are presumed to be correct]; see also *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; *Artal v. Allen* (2003)

In April 2013, America West Investment, Inc. (AWI) and Chen executed a lease for space to operate a restaurant at the Seasons Place Shopping Center in the City of Industry. The lease had a term of five years two months, and was scheduled to expire on June 30, 2018. The lease provided that it could not be assigned without the lessor's prior written consent, and imposed a late fee for rent not received by the lessor within five days after it was due. The lease also included a provision requiring the parties to submit their disputes to binding arbitration. On July 1, 2013, Chen opened his restaurant to the public.

On February 1, 2014, Chen assigned the lease to Ming Yang (Yang). In consenting to Chen's assignment to Yang, AWI stated it did " 'not release Chen from liability for any obligations as Lessee under the Lease.' " Cooper purchased the Seasons Place Shopping Center from AWI in 2014, thereby becoming AWI's successor in interest under the lease.

After Cooper acquired the premises, Yang executed an assignment of the lease to Haibo Dai and Fengli Xi on October 28, 2014; the assignment became effective on November 1, 2014. Cooper did not consent to this new assignment. Dai and Xi occupied the premises and made certain rent payments to Cooper from November 14, 2014 through August 10, 2015, but abandoned the property shortly thereafter. Cooper subsequently leased the premises to Meng Han (Han), effective March 15, 2016 through March 14, 2021 at a lower monthly base rate than that charged in the lease Chen had

---

111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party. [Citations.]' [Citations.]"].)

executed with AWI.[2] Chen testified during the arbitration proceedings that Cooper did not give him notice that he owed a sum, augmented by late fees, for failing to pay rent owed after he had assigned his interest in the lease to Yang.

On December 4, 2017, Cooper filed a complaint that alleged a cause of action for breach of contract against Chen and Yang for unpaid rent and vacating the premises prior to the expiration of the lease.[3] Cooper sought, inter alia, damages (including unpaid rent and late charges) accrued from August 2015 to March 2016 in the amount of $56,510.13.

On January 30, 2018, Yang's default was entered.

On March 1, 2018, the trial court stayed the action pursuant to a stipulation by Cooper and Chen to submit their dispute to binding arbitration.

On August 28, 2018, Cooper filed with Judicial Arbitration and Mediation Services (JAMS) a demand for arbitration that once again sought damages accrued from August 2015 to

---

[2] Whereas the lease Chen executed set the monthly base rent at $5,636.99 as of July 1, 2015, $5,806.10 as of July 1, 2016, and $5,980.28 as of July 1, 2017, Han's lease obligated him to pay a monthly base rent of $3,748 from March 15, 2016 through March 14, 2021.

Additionally, we disregard Chen's assertion that Han "already started occupying the premises in February 2016" because he does not support that assertion with any citation to the record. (See *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 (*Fierro*) [holding that "we are unable to accept counsel's argument on appeal as facts" and that " 'unsworn averments in a memorandum of law prepared by counsel do not constitute evidence' "].)

[3] Yang is not a party to this appeal.

5

March 2016 in the amount of $56,510.13.  The arbitrator conducted an evidentiary hearing on June 6 and 7, 2019.

On September 11, 2019, the arbitrator issued a final award that made the following findings and orders in the conclusion section of the document:  "1.  [Cooper] proved by a preponderance of the evidence that Chen breached the Lease by failing to pay all rent and related amounts due during the term of the Lease. [¶] 2.  [Cooper] is entitled to $132,816.95 in damages. [¶] 3.  [Cooper] shall return to Chen his table sets. [¶] 4.  [Cooper] is the prevailing party in this arbitration. [¶] 5.  [Cooper] is awarded $36,533.75 in attorney's fees, $22,876.45 in costs and $31,406 in prejudgment interest. [¶] 6.  Judgment shall be entered in favor of [Cooper] and against Chen."  With regard to paragraph two of the conclusion, the arbitrator found that Chen was liable for damages accrued from August 2015 through the end of the lease term (i.e., June 30, 2018).  Accompanying the final award is a signed proof of service form indicating that on September 12, 2019, a JAMS employee served copies of the signed award on the parties' respective counsel via e-mail and U.S. mail.

On December 18, 2019, Cooper filed and served a motion to confirm the final award, including the provision requiring Cooper to return Chen's table sets to him.[4]  On July 6, 2020, Chen filed

---

[4] Although the copy of the notice of motion provided in the appellant's appendix bears a stamp (but not a file stamp) dated December 1*9*, 2019, the version of the notice of motion included in the respondent's appendix bears an electronic file stamp showing that Cooper actually filed the motion on December 1*8*, 2019. Indeed, the index accompanying the appellant's appendix reflects that the motion was filed on December 18, 2019.

his opposition.[5] Chen maintained the arbitrator exceeded his powers in awarding damages above the amount sought in Cooper's complaint and demand for arbitration, the arbitration award ignored the requirement that a tenant be given notice and an opportunity to cure a default of a lease, the arbitration award was based on "[m]isleading [a]ccounting by Cooper," and the award was void because it required an impossible act—i.e., the return of table sets that Cooper had lost. (Boldface omitted.) On July 15, 2020, Cooper filed its reply brief, arguing, inter alia, that, "[i]f anything, the requirement that the table sets be returned should be stricken because they in no way are connected to the amount of damages awarded Cooper (otherwise, logically, [the arbitrator] would have reduced Cooper's damages award by the amount of the table sets)."

The trial court heard Cooper's motion to confirm on July 22, 2020. Later that day, the court issued a ruling that corrected the arbitration award by striking paragraph three of the conclusion, and confirmed the award as corrected. In its ruling, the court elected to consider the merits of Chen's opposition to the motion even though the court found it was untimely. The court found that Cooper provided sufficient notice to Chen of the amount of damages sought in discovery responses that Cooper served on Chen during the arbitration proceedings.

The court's decision to correct the award to strike the provision requiring Cooper to return the table sets to Chen was

_____

[5] Although the trial court found that Chen filed his opposition on July 6, 2020, the index to the appellant's appendix indicates Chen filed this document on July 8, 2020. This discrepancy has no impact on our resolution of the instant appeal.

7

predicated on the court's finding that "[t]he issue of the table sets . . . was not submitted to the Arbitrator and is clearly severable." Specifically, the court found that "Chen never filed a cross-complaint or counter-demand for arbitration and never requested reimbursement for any table sets at any point."

The court seems to have disposed of the remainder of Chen's arguments on the ground that " 'Arbitrators do not exceed their powers [for the purposes of the statutory scheme governing the confirmation of awards] by reaching erroneous factual or legal conclusions on the merits of the parties' claims, even if the award causes substantial injustice to one of the parties.' [Citation.]"

On September 17, 2020, the trial court issued a judgment in favor of Cooper and against Chen in accordance with the court's ruling on Cooper's motion to confirm the arbitration award. Also on that date, the trial court entered a default judgment in favor of Cooper and against Yang in the amount of $86,374.33. Chen timely appealed the judgment entered against him.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to confirm an arbitration award, " 'we affirm the [trial court's factual] findings if they are supported by substantial evidence,' " but insofar as " 'the trial court resolved questions of law on undisputed facts, we review the trial court's rulings de novo.' [Citation.]" (See *Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 89 (*Rivera*).) Because "neither party disputes the facts in the record" that are dispositive of the instant appeal, our review is de novo. (See *ibid.*; Discussion, parts A–B, *post*.)

8

Further, the arbitrator's award is presumed to be correct, and the party challenging the award bears the burden of affirmatively establishing error therein.  (See *Rivera*, *supra*, 54 Cal.App.5th at p. 94 [" 'Every reasonable intendment is indulged to give effect to arbitration proceedings; the burden is on the party attacking the award to affirmatively establish the existence of error by a proper record.' [Citation.]"].)  Likewise, "the trial court's judgment is presumed correct" and "the appellant bears the burden to affirmatively demonstrate error . . . ."  (See *Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 512, 513–514 (*Shenouda*).)  The appellant must bear this burden even when the de novo standard of review applies.  (See *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 368, 399 [indicating that an appellant must affirmatively show the trial court erred even if the de novo standard of review applies].)

## DISCUSSION

Code of Civil Procedure[6] section 1286 provides in pertinent part:  "If a petition or response under this chapter [governing the enforcement of arbitration awards] is duly served and filed, the court shall confirm the award as made, . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings."  (See § 1286.)  Under this statute, so long as the petition to confirm is duly served and filed, "confirmation of an arbitration award 'is the mandatory outcome absent the correction or vacatur of the award or the dismissal of the petition.' [Citation.]"  (See

---

[6] Undesignated statutory citations are to the Code of Civil Procedure.

9

*Law Finance Group, LLC v. Key* (2021) 67 Cal.App.5th 307, 325 (*Law Finance Group, LLC*), petn. for review pending, petn. filed Sept. 8, 2021, S270798.)

Here, the trial court explicitly found that Cooper had timely served Chen with the motion to confirm the arbitration award. Furthermore, by confirming the award, the court tacitly concluded that the motion otherwise satisfied the requirement that it was "duly served and filed" for the purposes of section 1286. (See *Yu v. University of La Verne* (2011) 196 Cal.App.4th 779, 787 [" ' "All intendments and presumptions are indulged to support [a trial court's order or judgment] on matters as to which the record is silent . . . ." ' [Citation.]"].) Because neither party contests these findings, we presume they are correct. (See *Shenouda*, *supra*, 27 Cal.App.5th at p. 512 ["Because judgments of the trial court are presumed to be correct, the appellant bears the burden to affirmatively demonstrate error . . . ."].) Consequently, the trial court was required to confirm the arbitrator's award in its entirety unless the award was subject to vacatur or correction. (See *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 325, petn. for review pending.)

As discussed below, Chen could not seek a ruling vacating the arbitration award because his opposition was untimely and he did not file a petition to vacate or correct the award. Similarly, we conclude the trial court lacked the authority to correct the award because Cooper did not make a timely request to correct or vacate it. Accordingly, the trial court erred in striking paragraph three of the conclusion section of the award regarding the table sets. Thus, we remand and instruct the trial court to confirm the award in its entirety, although the parties

10

may request the trial court to value the table sets and determine whether that value should be offset against the arbitral award.

## A. Chen Did Not File a Timely Request To Vacate or Correct the Arbitration Award

Chen "seeks to vacate [the trial court's] judgment on the grounds that the arbitration award the judgment is based on did not comply with the requirements for enforcement of an arbitration award under [section] 1286.2, in that the arbitrator exceeded his powers in rendering an award in excess of the damages claimed in the submission by the parties to the arbitration, without due notice to . . . Chen . . . ." Chen further contends the arbitrator "exceeded his power" by "ignor[ing] the requirement" that the landlord provide Chen with notice and an opportunity to cure any default, and by issuing an award that was "based on" Cooper's "misleading accounting." (Capitalization & boldface omitted.) In essence, Chen is arguing the trial court erred in declining to exercise its authority under section 1286.2 to vacate the arbitration award.[7] (See § 1286.2, subd. (a)(4) ["Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (4) The arbitrators exceeded their powers and the award cannot be

---

[7] Chen also argues in passing that the arbitrator was "biased in favor of" Cooper and against Chen, and that the arbitrator "pre-judged the outcome." We disregard any such claim of error because Chen does not adequately develop it in his briefing. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) [" 'When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" [Citation.]' [Citation.]".)

11

corrected without affecting the merits of the decision upon the controversy submitted."].)

Section 1286.4 provides that a trial court "may not vacate" an arbitration award unless: "(a) A petition or response requesting that the award be vacated has been duly served and filed; or [¶] (b) A petition or response requesting that the award be corrected has been duly served and filed and; [¶] (1) All petitioners and respondents are before the court; or [¶] (2) All petitioners and respondents have been given reasonable notice that the court will be requested at the hearing to vacate the award or that the court on its own motion has determined to vacate the award and all petitioners and respondents have been given an opportunity to show why the award should not be vacated." (See § 1286.4.)

Sections 1288 and 1288.2 govern the timeliness of requests to vacate or correct an arbitration award. Section 1288 provides in pertinent part: "A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (§ 1288.) Similarly, section 1288.2 states that if the person filing a response "was a party to the arbitration," then "[a] response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award" on that person. (See § 1288.2.) Section 1283.6 in turn requires the arbitrator to "serve a signed copy of the award on each party to the arbitration personally or by registered or certified mail or as provided in the agreement." (See § 1283.6.)

On the other hand, section 1290.6 provides in pertinent part: "A response shall be served and filed within 10 days after

12

service of the petition . . . .  The time provided in this section for serving and filing a response may be extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court."  (§ 1290.6.)

Division Two of this court found "[t]here is nothing in the statutory scheme suggesting that the Legislature intended the procedural rule in section 1290.6 governing all responses to take precedence over the firm time limitation in section 1288.2 . . . ."  (See *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 319, petn. for review pending.)  Thus, in order to secure a ruling vacating an arbitration award, the response "must be filed within 10 days of the petition (plus any extensions), and in any event no later than 100 days after service of the award."  (See *ibid.*)  *Law Finance Group, LLC* further held that section 1288's and section 1288.2's "100-day deadline" is a jurisdictional limitation on the trial court's authority to vacate an award.  (See *id.* at pp. 313, 322–324, petn. for review pending; see also *Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544–545 ["The filing and service deadline for a petition to vacate is jurisdictional; noncompliance deprives a court of the power to vacate an award unless the party has timely requested vacation in response to a petition to confirm," citing, inter alia, § 1286.4, subds. (a)–(b)].)

In this case, the record contains a proof of service form indicating that a signed copy of the arbitration award was served on the parties' respective counsel by e-mail and U.S. mail on September 12, 2019.  In the award, the arbitrator stated that "the JAMS Streamlined Arbitration Rules and Procedures govern[ed] this arbitration" (JAMS Streamlined Rules).  Under rule 19(h) of the JAMS Streamlined Rules, "[s]ervice [of the award] may be

13

made by U.S. mail," and [i]t need not be sent" via "certified or registered" mail.[8] Accordingly, Chen could request an order vacating or correcting the arbitration award no later than 100 days from September 12, 2019. (See *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 319, petn. for review pending; *Davis v. Calaway* (1975) 48 Cal.App.3d 309, 310–311 & fn. 1 [indicating that service of an award is proper under section 1283.6 it if satisfies "[t]he rules . . . pursuant to which [the] arbitration was conducted"].)

Chen does not claim to have filed a petition to vacate or correct the award, and no such petition appears in the record before us. Chen filed his opposition to the motion to confirm on July 6, 2020—298 days after he was served with the arbitrator's award. It follows that Chen failed to comply with section 1288's and section 1288.2's 100-day deadline to request an order correcting or vacating the arbitration award, and that section 1286.4 barred the trial court from vacating the award.[9]

---

[8] Chen does not dispute Cooper's assertion that the version of the JAMS Streamlined Rules included in the respondent's appendix governed the proceedings before the arbitrator. (See also *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)

[9] Rule 19(j) of the JAMS Streamlined Rules provides that "[t]he Award is considered final, for purposes of judicial proceeding to enforce, modify or vacate the Award . . . fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award." (Neither party claims to have asked the arbitrator to correct the award.) Even if rule 19(j) added 14 days

14

We note that in its ruling, the trial court nonetheless found it had the discretion to reach the merits of Chen's challenges to the arbitrator's award.  (Citing *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 847.)  In *Ruiz*, the Court of Appeal held that a trial court did not err in considering a response to a petition to compel arbitration that did not comply with section 1290.6's "10-day time period."  (See *Ruiz* at pp. 838, 846–847.)  In contrast, section 1288.2 is a "jurisdictional deadline" on a trial court's power to vacate an arbitration award (see *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 323, petn. for review pending), one which—unlike section 1290.6— does not include any language authorizing a court to excuse noncompliance therewith.  (Compare § 1290.6 [providing that an "order of the court" may "extend[ ]" that statute's deadline "for good cause"] with § 1288.2 [omitting any such language].)

Therefore, the trial court should not have entertained Chen's arguments that the arbitrator exceeded his power (i.e., the arguments that we summarized at the outset of this section).[10] (See *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at pp. 312– 313 [holding that the because the defendant failed to adhere to

---

to the 100-day deadline, Chen's opposition would still be untimely because he filed it well beyond that extended deadline.

[10] We may affirm the judgment confirming the arbitrator's award for a reason that differs from those articulated by the trial court, to wit, that Chen failed to comply with section 1286.4 because he did not file a timely petition or response seeking an order vacating or correcting the award.  (*Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1192–1193 ["[I]t is a settled appellate principle that if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning."].)

section 1288's and section 1288.2's 100-day deadline, the trial court had to confirm the arbitration award without considering the defendant's request to vacate it], petn. for review pending.)

## B. The Trial Court Lacked the Authority to Correct the Arbitration Award

At our request, the parties submitted letter briefs addressing "[w]hat impact, if any, do Code of Civil Procedure sections 1286.8, 1288, and 1288.2 have on the trial court's ability to correct the final award to strike the provision requiring Cooper to return Chen's table sets to him?" (Fn. omitted.) For the reasons discussed below, we conclude that Cooper's failure to comply with these provisions barred the trial court from correcting the award.

Just as section 1286.4 conditions a trial court's power to vacate an arbitration award on the timely filing and service of a petition or response requesting that the award be corrected or vacated, section 1286.8 likewise requires the timely filing and service of such a petition or response before the court may correct an award. (See Discussion, part A, *ante* [quoting portions of § 1286.4]; § 1286.8 ["The court may not correct an award unless: [¶] (a) A petition or response requesting that the award be corrected has been duly served and filed; or [¶] (b) A petition or response requesting that the award be vacated has been duly served and filed and [certain other conditions have been satisfied.]"].) Accordingly, the trial court could not correct the award unless a request to vacate or correct the award was filed and served within 100 days of service of the arbitration award. (See §§ 1288, 1288.2; see also *MacDonald v. San Diego State University* (1980) 111 Cal.App.3d 67, 70, 73, 79–81 (*MacDonald*) [reversing the part of a judgment that corrected an arbitration

16

award by deleting a provision that awarded a school official $5,000 in compensatory damages and legal fees because the defendant's request for correction was untimely under section 1288.2].)

As we explained in Discussion, part A, *ante*, the arbitration award was served on Cooper and Chen on September 12, 2019. Although Cooper filed and served its motion to confirm the arbitration award on December 18, 2019 (i.e., 97 days after service of the award), Cooper did not request an order vacating or correcting the award in its motion. In fact, Cooper's motion sought an order confirming, inter alia, the arbitrator's award requiring Cooper to "return to Chen his table sets." The record reveals Cooper suggested for the first time in its reply brief that the portion of the award requiring Cooper to return Chen's table sets should have been stricken.[11] Even if Cooper's reply somehow constituted "[a] response requesting that . . . an award be corrected" for the purposes of section 1288.2, it would be untimely because Cooper filed it on July 15, 2020, which was 307 days after Cooper was served with a signed copy of the arbitration award.[12] Consequently, the trial court lacked the

---

[11] Insofar as Chen's opposition could be construed as a request to vacate the award because Chen argued therein that the award was void on account of Cooper's inability to return the table sets, the opposition was nonetheless untimely for the reasons addressed in Discussion, part A, *ante*. Therefore, Chen's filing and service of his opposition did not authorize the trial court to correct the award under section 1286.8.

[12] Even if Cooper's 100-day deadline for requesting an order to correct the award were extended by 14 days in accordance with rule 19(j) of the JAMS Streamlined Rules (see fn. 9, *ante*), its request would still be untimely.

17

statutory authority to strike the provision requiring Cooper to return Chen's table sets to him.  (See §§ 1286.4, 1288, 1288.2; see also *MacDonald*, *supra*, 111 Cal.App.3d at pp. 79–81.)

In its supplemental brief, Cooper concedes that "the trial court's correction of the Arbitration Award was beyond its jurisdiction under . . . sections 1286.8, 1288, and 1288.2," yet it argues "the correction must stand on equitable grounds." (Boldface & underscoring omitted.)  Cooper points out that the *Law Finance Group, LLC* court "kept the door open for a potential exception to the 100-day deadline on equitable grounds," and argues that exception applies here because "[b]oth parties had the opportunity to brief and be heard on the issue o[f] vacating or correcting the award regarding the table sets without objection."  (Boldface & underscoring omitted.)  This argument is unpersuasive.

In *Law Finance Group, LLC*, the Court of Appeal stated: "Even assuming (without deciding) that there could be situations in which a party's failure to comply with the 100-day rule may be excused on equitable grounds, this is not one of them."  (*Supra*, 67 Cal.App.5th at p. 321, petn. for review pending.)  The court explained the defendant could not invoke equitable estoppel or equitable tolling to excuse her noncompliance with the 100-day rule because the defendant's "claimed reliance on [the plaintiff's] purported agreement to extend the 100-day deadline was not objectively reasonable . . . ."  (See *id.* at pp. 321–324 & fn. 10, petn. for review pending.)

Even if we also assumed for the sake of argument that the 100-day deadline could be extended on equitable grounds, Cooper has not shown its entitlement to any such relief.  As we noted above, Cooper's motion sought confirmation of the provision

18

requiring it to "return to Chen his table sets." Further, although Chen's opposition argued that this provision of the award was unenforceable, his opposition was untimely (see Discussion, part A, *ante*), and Cooper could not have reasonably believed the trial court was authorized to consider Chen's belated argument or Cooper's rebuttal that the provision should be stricken. (See *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 324 ["For purposes of estoppel claims, ' "attorneys are 'charged with knowledge of the law in California.' " ' [Citation.] [The defendant] was therefore charged with the knowledge that the 100-day deadline is jurisdictional and could not be waived or extended by agreement."], petn. for review pending.) Under these circumstances, Cooper did not act reasonably when it failed to file and serve a timely request to correct the award. It follows that equitable estoppel and equitable tolling are not available to Cooper. Because Cooper does not identify any other potentially applicable equitable doctrine for excusing its noncompliance with the 100-day deadline, we do not address this issue further. (See also *Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 826–827, fn. 5 [" 'Although it is the appellant's task to show error, there is a corresponding obligation on the part of the respondent to aid the appellate court in sustaining the judgment. "[I]t is as much the duty of the respondent to assist the [appellate] court upon the appeal as it is to properly present a case in the first instance, in the court below." [Citations.]' [Citation.]"].)

Next, Chen insists that because Cooper "admitted" during the trial court proceedings that "it cannot return the table sets, because they have been lost for reasons [Cooper] cannot explain," "and there is no way to value the table sets, . . . the entire award

19

is unenforceable."[13]  Chen seems to argue that because the portion of the award requiring the return of the table sets "requires an impossible act," the award is not " 'final' for confirmation purposes."

Assuming arguendo that the entirety of an arbitration award cannot be confirmed if a portion of it is unenforceable, Chen has not shown that to be the case here.  A judgment confirming an arbitration award "may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification."[14]  (See § 1287.4.)  "A judgment for possession of personal property may be enforced by a writ of possession of personal property . . . ."  (See § 714.010, subd. (a).)  The statutory scheme governing writs of possession provides that "[i]f the property specified in the writ of possession cannot be taken into custody," then "the judgment for the possession of the property may be enforced in the same manner as a money judgment for the value of the property as specified in the judgment or a supplemental order."  (See § 714.020, subd. (b).)  Hence, the mere fact that Cooper no longer possesses the table sets does not, in and of itself, render enforcement of the award impossible.

---

[13]  During the proceedings below, Cooper conceded in its reply that "it could not locate the marble table sets . . . ."  Cooper intimated that one of the other occupants of the premises may have taken the table sets after Chen assigned the lease to Yang.

[14]  The complaint identified the instant matter as an unlimited civil case, and Chen does not dispute that classification.  (See § 32.5 ["The 'jurisdictional classification' of a case means its classification as a limited civil case or an unlimited civil case."].)

20

Further, Chen's assertion that "there is no way to value the table sets" fails because he does not support it with any citation to the record.[15] (See *Fierro, supra*, 32 Cal.App.5th at p. 281, fn. 5 [holding that "we are unable to accept counsel's argument on appeal as facts" and that " 'unsworn averments in a memorandum of law prepared by counsel do not constitute evidence' "].) Additionally, this assertion is belied by the arbitrator's observation—which Chen does not dispute—that Chen "testified that he spent $28,000 for 28 marble table sets and the labor to install them at the premises . . . ."[16] As a result, we

---

[15] Chen argues for the first time in his reply that the table sets "were custom made and unique." The portion of the record Chen cites for that proposition, however, merely shows that the arbitrator ordered Cooper to return Chen's table sets. We thus disregard this argument as untimely and unsupported by any citation to the record. (See *Hernandez, supra*, 37 Cal.App.5th at p. 277 [" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" . . . [¶] . . . " '[W]e will not ordinarily consider issues raised for the first time in a reply brief.' [Citation.]"].)

[16] Cooper points out the arbitrator found Chen " 'offered no documentary evidence to verify' " his testimony that he spent $28,000 on the table sets. That fact alone would not preclude Chen from establishing the value of the table sets in a proceeding to enforce the judgment. (See *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 876 [" 'The opinion of an owner of personal property is in itself competent evidence of the value of that property, and sufficient to support a judgment based on that value. [Citations.] "The credit and weight to be given such evidence and its effect . . . is for the trier of fact." [Citation.]' [Citation.]"].)

reject Chen's contention that the arbitrator's ruling concerning the table sets prevented the trial court from confirming the award.

We acknowledge that allowing this provision to remain in the arbitration award seems anomalous given that it appears the table sets are not in Cooper's possession. Indeed, the parties apparently concede that Cooper does not have the table sets. In the interests of judicial economy, the parties should request that the trial court: (a) Set the value of the table sets, and (b) determine whether that value should be offset against the arbitral monetary award to Cooper. We express no opinion on the value of the table sets or whether there would be a defense to such an offset.

In conclusion, the trial court erred in correcting the arbitration award to strike the order that Cooper return the table sets to Chen. Because the parties have not shown that the proceedings should have been dismissed or that the trial court had the authority to vacate or correct the award, the court must confirm the award in its entirety on remand. (See § 1286; *Law Finance Group, LLC*, *supra*, 67 Cal.App.5th at p. 325, petn. for review pending.)

## DISPOSITION

We reverse the judgment to the extent it corrected the arbitration award, affirm the remainder of the judgment, and remand this matter to the trial court with instructions to issue a judgment confirming the award in its entirety.  Upon remand, and upon request, the trial court may value the table sets and consider whether that value serves as an offset to the arbitral award.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.

We concur:


ROTHSCHILD, P. J.


CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.