Filed 12/8/25  P. v. Navarrete CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AXEL DUARTE NAVARRETE,<br><br>    Defendant and Appellant. | C103763<br><br>(Super. Ct. No. MAN-CR-FE-2022-0001923) |

Defendant Axel Duarte Navarrete pled guilty to offering cannabis to a minor and misdemeanor sexual battery.  He later filed a motion to vacate his plea pursuant to Penal Code section 1473.7.[1]  On appeal, Navarrete contends that the trial court erred when it denied his motion.  We disagree and thus affirm.

BACKGROUND

Navarrete was charged with violating Health and Safety Code section 11361, subdivision (a), offering cannabis to a minor and Penal Code section 288, subdivision (a),

---

[1]    Undesignated statutory references are to the Penal Code.

lewd act on a child under the age of 14.[2]  At arraignment on these charges, Navarrete was advised of his constitutional rights and the potential immigration consequences of entering a plea via a preprinted form that included a section for noncitizens.  It stated that a noncitizen who enters a plea of guilty or no contest will be deported, excluded from admission to the United States, or denied naturalization.

At the change of plea hearing, the prosecution filed a motion to amend the complaint to add another count, Penal Code section 243.4, subdivision (e)(1), misdemeanor sexual battery, which the court granted.  Navarrete then agreed to plead guilty to violating Penal Code section 243.4, subdivision (e)(1) and Health and Safety Code section 11361, subdivision (a) in exchange for the prosecution dismissing the Penal Code section 288 charge.  In taking the plea, the court first verified with plea counsel that he and Navarrete had discussed Navarrete's constitutional rights and the consequences resulting from the plea and that he understood them.  The court then informed Navarrete that by law it must advise everyone that resolves their case that, "if you are not a citizen of the United States, a plea of guilty will result in your deportation or refusal of naturalization, citizenship, amnesty, or re-entry into the United States."  Navarrete confirmed that he understood.  The trial court imposed two years of formal probation and ordered Navarrete to register as a sex offender pursuant to Penal Code section 290.

After more than a year into his formal probation, Navarrete was issued a notice to appear by the Department of Homeland Security and was taken into Immigration and Customs Enforcement custody to begin removal proceedings, pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act (8 U.S.C. § 1101 et seq.).

Navarrete retained counsel, who filed a motion to vacate Navarrete's conviction pursuant to section 1473.7, subdivision (a)(1).  In the motion, Navarrete argued there was

---

[2]  The facts underlying the conviction are not relevant to the resolution of this case and, therefore, are omitted from the discussion.

prejudicial error, which adversely impacted his ability to meaningfully understand and accept the potential immigration consequences of his convictions and accept the plea agreement. Specifically, Navarrete claimed the advisements regarding the immigration consequences from the trial court were only generic advisements pursuant to section 1016.5, that there were no advisements from defense counsel, and the result was that he did not understand that his plea would result in deportation. In support of this allegation, Navarrete attached to his motion the form he signed indicating that he understood his constitutional rights, his declaration, the notice to appear from the Department of Homeland Security, and various minute orders from the trial court proceedings. At the hearing on the motion to vacate the conviction, defense counsel offered no additional evidence or argument and instead both parties submitted on their moving papers. The court denied the motion, stating, "I think he was almost certainly advised twice, if not more. So I'm going to deny the motion."

DISCUSSION

I

Relevant Law and Standard of Review

Section 1473.7 allows for criminal defendants to move to vacate their convictions if there was prejudicial error damaging their ability to "meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (§ 1473.7 subd. (a)(1).) To prevail under 1473.7, a defendant must first show that he or she did not understand the immigration consequences of his or her plea; next, a defendant must show that this misunderstanding constituted prejudicial error. (*People v. Espinoza* (2023) 14 Cal.5th 311, 319 (*Espinoza*).)

To show prejudicial error, a defendant must demonstrate there was a "reasonable probability that the defendant would have rejected the plea if the defendant had correctly

3

understood its actual or potential immigration consequences.  When courts assess whether a petitioner has shown that reasonable probability, they consider the totality of the circumstances.  [Citation.]  Factors particularly relevant to this inquiry include the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible." (*People v. Vivar* (2021) 11 Cal.5th 510, 529-530 (*Vivar*), citing *Lee v. United States* (2017) 582 U.S. 357, 367-371.)  "These factors are not exhaustive, and no single type of evidence is a prerequisite to relief." (*Espinoza, supra*, 14 Cal.5th at p. 321.)

A defendant must provide "objective evidence" to corroborate these factual assertions.  (*Vivar, supra*, 11 Cal.5th at p. 530.)  "Objective evidence includes facts provided by declarations, contemporaneous documentation of the defendant's immigration concerns or interactions with counsel, and evidence of the charges the defendant faced." (*Espinoza, supra*, 14 Cal.5th at p. 321; see also *Vivar*, at pp. 530-531.)

We apply independent review to evaluate whether a defendant has demonstrated a reasonable probability that they would have rejected the plea offer had they understood its immigration consequences.  (*Vivar, supra*, 11 Cal.5th at pp. 527, 529.)  " '[U]nder independent review, an appellate court exercises its independent judgment to determine whether the facts satisfy the rule of law.' " (*Id*. at p. 527.)  When courts engage in independent review, they must give deference to the trial court's factual determinations if they are based on " ' "the credibility of witnesses the [superior court] heard and observed." ' " (*Ibid.*)  But when the trial court's findings "derive entirely from written declarations and other documents," the trial court and the reviewing court " 'are in the same position,' " and no deference is owed. (*Id.* at p. 528; see also *Espinoza, supra*, 14 Cal.5th at p. 320.)

Before beginning our analysis, we note the following.  As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or

grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) "Statements of fact that are not supported by references to the record are disregarded by the reviewing court." (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947; see *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5.) This principle extends to any portion of an appellate brief, including argument. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8.) In this case, Navarrete has risked forfeiture of his arguments by failing to cite to the record in the argument section of the opening brief and has failed to cite to the record entirely in the reply brief. Nevertheless, this court will conduct an analysis of the relevant law and legal arguments presented.

II

Analysis

In his motion for relief, Navarrete argued he should be allowed to vacate his convictions because "[a]t no point did [he] understand with certainty that his guilty plea would automatically subject him to removal proceedings." He further contended that he never discussed the immigration consequences of his plea with counsel and the trial court only provided generic advisements pursuant to section 1016.5. The trial court denied relief, finding that Navarrete was advised at least twice of the immigration consequences of his plea.

On appeal, Navarrete contends the trial court's ruling was in error because his claim that defense counsel failed to provide affirmative, individualized immigration advice was not rebutted by the record and the trial court relied solely on the "rote" and "generic" judicial advisements given to deny relief. He argues that section 1473.7 was enacted as a remedial statute to ensure that a defendant's actual understanding of immigration consequences is meaningfully informed by competent legal counsel, not merely by the court's "recitation" of section 1016.5 advisements.

The People argue the trial court correctly denied the motion to vacate because the record shows that Navarrete understood that his plea would result in mandatory deportation. During the change of plea hearing, the trial court provided the advisement under section 1016.5 right before Navarrete entered his guilty plea. In addition, Navarrete was informed in writing of the immigration consequences through the constitutional rights form that he signed. The People emphasize the language used in providing these advisements as providing certainty as to his deportation. On the constitutional rights form, the section pertaining to noncitizens uses the word "will," in that "a plea of guilty or no contest will cause you to be deported . . . ." During the change of plea hearing, the trial court stated, "a plea of guilty will result in your deportation . . . ." There was no confusion or misunderstanding that if Navarrete pled guilty to the charges he would be deported, or refused naturalization, citizenship, amnesty, or re-entry into the United States and, therefore, Navarrete fails to show prejudicial error on appeal. Navarrete has also failed to provide supporting evidence regarding his claim that his attorney did not advise him on immigration consequences.

The record demonstrates that Navarrete had a Spanish interpreter during the entirety of his case. At his arraignment, Navarrete reviewed and signed a constitutional rights form with the help of the Spanish interpreter. Item No. 14 on the form is specific to noncitizens and is highlighted, explaining that if the defendant is a noncitizen, "a plea of guilty or no contest will cause you to be deported, be excluded from admission to the United States or be denied naturalization." Right after this advisement on the form, in bold, it says "DO NOT SIGN THE STATEMENT UNLESS YOU FULLY UNDERSTAND IT." The form was signed by Navarrete, the Spanish interpreter, and the judge all on the same date.

During the change of plea hearing nearly six months later, the court discussed the maximum sentence Navarrete could receive on his conviction then asked Navarrete if he had had enough time to speak with his attorney; Navarrete responded "yes." The court

6

then asked plea counsel if he was satisfied that Navarrete understood his constitutional rights, the elements of each charge, possible defenses, and the consequences resulting from the plea, to which counsel responded in the affirmative. After the court reviewed some of the terms and conditions of the plea, the court advised Navarrete of his constitutional rights and consequences of the plea. The court advised, "if you are not a citizen of the United States, a plea of guilty will result in your deportation or refusal of naturalization, citizenship, amnesty, or re-entry into the United States." The court then asked Navarrete if he understood, and Navarrete confirmed he did. The court then reviewed the other constitutional rights that Navarrete would be giving up by pleading guilty and Navarrete again confirmed he understood. At no point did Navarrete indicate he was missing information or did not understand the consequences of his plea. Navarrete's claim that he did not meaningfully understand his immigration consequences appears to be rebutted by the record.

Moreover, without evidence to the contrary, we presume counsel effectively performed their duties and counseled Navarrete about the immigration consequences of his plea. (*Padilla v. Kentucky* (2010) 559 U.S. 356, 372.) As noted by the People, the only evidence or documentation Navarrete has provided are minute orders, an advisement of rights form, probation notices, a notice to appear by Department of Homeland Security, and Navarrete's signed declaration in support of the motion to vacate his convictions. Furthermore, during the proceedings on the motion to vacate, the trial court asked counsel if they had additional information or arguments, and counsel simply submitted on the moving papers. Navarrete did not ask for an evidentiary hearing and, having failed to provide any declarations from prior defense counsel, Navarrete provided no objective evidence that prior defense counsel did not provide immigration consequence advisements and that he did not meaningfully understand the immigration consequences of his plea as a result of this failure. All we are left with is Navarrete's declaration stating that he did not understand his immigration consequences, contrary to

7

his signed constitutional rights form and his affirmance that he understood the consequences during the plea colloquy. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." (*Lee v. United States, supra*, 582 U.S. at p. 369; see also *People v. Cruz-Lopez* (2018) 27 Cal.App.5th 212, 223-224 [however, "[a]n allegation that trial counsel failed to properly advise a defendant is meaningless unless there is objective corroborating evidence supporting appellant's claimed failures," thus, a defendant's claims require "corroboration and objective evidence because a declaration by defendant is suspect by itself"].)

To support his argument to the contrary, Navarrete cites multiple cases in which the appellate court reversed the trial court's denial of a section 1473.7 motion. These cases include *People v. Camacho* (2019) 32 Cal.App.5th 998, *People v. Mejia* (2019) 36 Cal.App.5th 859, and *Vivar, supra*, 11 Cal.5th 510. These cases are easily distinguishable from the case before us. In two of the cited cases, the defendants provided corroborating evidence from defense counsel to prove that they did not have a meaningful understanding of the immigration consequences. (See *Vivar*, at p. 519 [defense counsel advised the defendant to consult an immigration attorney and did not advise him of the actual consequences of a plea]; *Camacho*, at p. 1002 [defense counsel testified he discussed the topic of immigration but did not remember specifically discussing immigration consequences with the defendant or what was said].) And in *Mejia*, unlike here, the record showed the defendant was only advised via a preprinted form that he *may* be deported or excluded from the United States as a result of the plea. (*Mejia*, at p. 863.)

Navarrete has not provided any corroborating evidence that shows defense counsel did not properly advise him about the consequences of his plea agreement. Instead, in the motion to vacate the conviction, current counsel stated the record was silent as to whether

8

the court and Navarrete discussed the immigration consequences specific to his situation, and the "record is silent on critical factors that would establish [Navarrete's] competency to understand the immigration consequences of his plea."  However, to establish prejudicial error Navarrete must show more than a silent record.  A defendant must demonstrate a " 'reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences' " and "must corroborate any assertions with ' " 'objective evidence.' " ' " (*Espinoza, supra*, 14 Cal.5th at p. 316, quoting *Vivar, supra*, 11 Cal.5th at pp. 529, 530.) Navarrete has failed to meet this burden.

Here, the record refutes Navarrete's claim that he did not understand the immigration consequences of his plea and without corroborating evidence for his claims to the contrary, he has failed to establish he is entitled to relief under section 1473.7.

## DISPOSITION

The judgment is affirmed.

/s/
_____
EARL, P. J.

We concur:

/s/
_____
HULL, J.

/s/
_____
MAURO, J.